UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
CERVECERIA MODELO, S.A. DE C.V. and :
MARCAS MODELO, S.A. DE C.V.,         :  Civil Action No. 07 CV 7998 (HB)
:
            Plaintiffs,                              :
:
   -against-                                         :
:
USPA ACCESSORIES LLC d/b/a CONCEPT ONE :
ACCESSORIES,                                         :
:
            Defendant.                               :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD COUNTERCLAIM AND TO STRIKE DEMAND FOR PUNITIVE DAMAGES

Darren W. Saunders (DS 0456)
Mark I. Peroff (MP 6858)
Joanna A. Diakos (JD 7269)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York  10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Plaintiffs Cerveceria Modelo,
S.A. de C.V. and Marcas Modelo, S.A. de C.V.

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT .................................................................................................2

II. STATEMENT OF FACTS .........................................................................................................3

   A. PLAINTIFFS AND THE CORONA TRADEMARKS ....................................................... 3

   B. DEFENDANT CONCEPT ONE AND THE LICENSE AGREEMENT ......................... 5

   C. PLAINTIFFS' COMPLAINT................................................................................................. 6

   D. CONCEPT ONE'S COUNTERCLAIMS............................................................................. 7

III. ARGUMENT..............................................................................................................................8

   A. DEFENDANT FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS ......................................................................................... 8

      1. Defendant Cannot Establish That Plaintiffs Used "Wrongful Means"........................... 9

      2. Concept One Fails To Identify The Business Relations With Which Plaintiffs Allegedly Interfered ......................................................................................................... 11

   B. THE DEMAND FOR PUNITIVE DAMAGES SHOULD BE STRICKEN .................... 13

IV. CONCLUSION.........................................................................................................................14

# TABLE OF AUTHORITIES

## Cases

Abelhamid v. Altria Group, Inc., __ F. Supp. 2d ___, No. 06 Civ. 3927, 2007 WL 2186275 (S.D.N.Y. July 27, 2007) .................................................................................................. 8

Ad Rendon Communications, Inc. v. Lumina Americas, Inc., No. 04-CV-8832, 2007 WL 2962591 (S.D.N.Y. Oct. 10, 2007) ............................................................................... 13

Advanced Global Tech. LLC v. Sirius Satellite Radio, 15 Misc. 3d 776, 782, 836 N.Y.S.2d 807, 812 (Sup. Ct. N.Y. Cty. 2007) .................................................................................. 10

Carvel Corp. v. Noonan, 3 N.Y.3d 182, 818 N.E.2d 1100, 785 N.Y.S.2d 359 (2004) ................................................................................................ passim

Christopher A. Vinas, CPA v. Chubb Corp., 499 F. Supp. 2d 427 (S.D.N.Y. 2007) ............... 8, 10

D.C. USA Operating Co., LLC v. Indian Harbor Ins. Co., No. 07-CV-0116, 2007 WL 945016 (S.D.N.Y. Mar. 27, 2007) ............................................................................................. 14

Golden Gulf Corp. v. Jordache Enterprises, Inc., 896 F. Supp. 337 (S.D.N.Y. 1995) ................ 10

Kramer v. Pollack-Krassner Foun'n, 890 F. Supp. 250 (S.D.N.Y. 1995) .................................... 11

Leopold v. Henry I. Siegel Co., No. 08 Civ. 0063, 1987 WL 5373 (S.D.N.Y. Jan. 5, 1987) ...... 10

M Sports Productions v. Pay-Per-View Network, Inc., No. 97 CV 6451, 1998 WL 19998 (S.D.N.Y. Jan. 20, 1998) ............................................................................................... 10

New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) ................. 13

P. Kaufmann, Inc. v. Americraft Fabrics, Inc., 232 F. Supp. 2d 220 (S.D.N.Y. 2002) ......... passim

Rivas v. Amerimed USA, Inc., 34 A.D.3d 250, 824 N.Y.S.2d 41 (1st Dep't 2006) .................... 14

Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836 (S.D.N.Y. 2000) ....................................... 11, 12

Triple Z Postal Serv., Inc. v. United Parcel Serv., Inc., 13 Misc. 3d 1241, 831 N.Y.S.2d 357, 2006 WL 3393259 ........................................................................................................ 11

Walker v. Sheldon, 10 N.Y.2d 401, 223 N.Y.S.2d 488 ............................................................... 13

Darren W. Saunders (DS 0456)
Mark I. Peroff (MP 6858)
Joanna A. Diakos (JD 7269)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Plaintiffs Cerveceria Modelo, S.A. de C.V.
and Marcas Modelo, S.A. de C.V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CERVECERIA MODELO, S.A. DE C.V. and
MARCAS MODELO, S.A. DE C.V.,

                  Plaintiffs,

-against-

USPA ACCESSORIES LLC d/b/a CONCEPT ONE
ACCESSORIES,

                  Defendant.
-----------------------------------------------------------------X

Civil Action No. 07 CV 7998 (HB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD COUNTERCLAIM AND TO STRIKE DEMAND FOR PUNITIVE DAMAGES**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs-Counterclaim Defendants Cerveceria Modelo, S.A. de C.V. ("Cerveceria Modelo") and Marcas Modelo, S.A. de C.V. ("Marcas Modelo") (together, "Plaintiffs"), respectfully submit this memorandum of law in support of their motion to dismiss Defendant-Counterclaim Plaintiff USPA Accessories LLC d/b/a Concept One Accessories' ("Concept One" or "Defendant") Third Counterclaim for Tortious Interference with Business Relations and to strike Concept One's request for punitive damages.

I.   **PRELIMINARY STATEMENT**

Plaintiffs, the owners and licensor's of the world famous Corona beer trademarks, commenced this action against a former licensee, Concept One, in order to stop Concept One from infringing Cerveceria Modelo's registered Corona trademarks by selling Corona-branded goods that were never approved or authorized by Marcas Modelo under the parties' license agreement. Concept One's infringing activities have been blatant and deliberate, as the company was fully aware that the products it is now selling are not approved or authorized under the license agreement. Plaintiffs attempted to resolve the dispute amicably, but Concept One refused and has indicated that it intends to sell approximately two million dollars worth of infringing merchandise to United States retailers, forcing Plaintiffs to bring this action.

Concept One has brought three counterclaims, including a claim for tortious interference with business relations. Concept One's tortious interference claim should be dismissed for failure to state a cause of action because Concept One does not (and cannot) allege any facts that would support a finding that Plaintiffs used "wrongful means" to interfere with Concept One's alleged business relations, as the law requires. New York law limits "wrongful means" in this context to physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degree of economic pressure.

Here, Plaintiffs were acting legitimately to protect their trademark rights by terminating Concept One's license agreement and taking steps to prevent infringing products from entering the United States marketplace. Federal courts in New York have consistently held that activities undertaken to enforce one's intellectual property rights cannot give rise to a tortious interference with business relations claim as a matter of law. Under these circumstances, Concept One

cannot possibly allege any plausible set of facts which would state a tortious interference with business relations claim against Plaintiffs. Thus, its counterclaim must be dismissed.

Additionally, Concept One's tortious interference claim should be dismissed because Concept One has failed to identify the business relations with which Plaintiffs allegedly interfered. Concept One merely alleges that Plaintiffs interfered with "contracts and other business relations" between it and "certain purchasers of product" bearing the Corona trademarks. Even under liberal rules of pleading, this allegation is insufficient to state a claim as a matter of law.

Finally, Concept One's request for punitive damages should be stricken. In addition to the tortious interference with business relations counterclaim, Concept One has brought a counterclaim for breach of contract. Where a party alleges a breach of contract in addition to a tort, it is not entitled to punitive damages as a matter of law unless it alleges facts demonstrating that Plaintiffs' alleged conduct gave rise to an independent tort and was part of a pattern of similar conduct directed at the public generally. Concept One fails to plead such egregious conduct, and therefore it cannot recover punitive damages as a matter of law.

## II.   STATEMENT OF FACTS

### A.   PLAINTIFFS AND THE CORONA TRADEMARKS[1]

Plaintiff Cerveceria Modelo is the producer of Corona Extra Beer and Corona Light Beer (hereinafter "Corona Beer"). Corona Beer has been imported and sold in the United States since 1943 and today it is the number one selling imported beer in the United States.

Plaintiff Marcas Modelo is an affiliate of Cerveceria Modelo and since January 1, 2007 has been the authorized licensor of Cerveceria Modelo's registered trademarks in the United

---

[1] This brief recitation of background facts is provided solely for context. Plaintiffs do not rely on any of the facts in this section in support of this Motion to Dismiss and the Motion can be decided regardless of whether any of the background facts are in dispute.

3

States and Canada. Prior to this date, another affiliate of Cerveceria Modelo named Procermex, Inc. ("Procermex") was the exclusive licensor of Cerveceria Modelo's United States and Canadian trademarks.

Cerveceria Modelo and its importing companies spend many millions of dollars a year to advertise and promote Corona Beer, including in media such as television, radio, newspapers and magazines, and in stores, bars and restaurants. Cerveceria Modelo's marketing themes, advertisements and promotional efforts have been immensely successful. As a result, Corona Beer and the Corona trademarks are famous in the United States and throughout the world. The popularity of Corona Beer has generated very strong consumer demand for products that contain or display the Corona Beer trademarks.

Cerveceria Modelo permits certain companies to manufacture and sell Corona-branded products through licensing arrangements. Each licensee must enter into a written license agreement with Marcas Modelo which, among other things, sets forth the specific goods that are subject to the license and the terms and conditions of the license. The license agreement contains strict quality control in order to protect the goodwill and reputation of the Corona brand and trademarks. Each proposed design that a licensee intends to use on a licensed product must be submitted to Marcas Modelo for review and approval. In addition, a sample of each proposed license product must be submitted to Marcas Modelo for quality inspection and approval before the product can be sold by the licensee. Unless a product is expressly approved by Modelo, the licensee has no right to sell it.

### B. DEFENDANT CONCEPT ONE AND THE LICENSE AGREEMENT

Concept One is a New York limited liability company that distributes and sells a variety of licensed clothing and accessory products.

In November 2006, Concept One and Plaintiff Marcas Modelo entered into a license agreement effective January 1, 2007 (the "License Agreement"), whereby Marcas Modelo granted to Concept One a limited, non-exclusive authorization and license to use certain of Cerveceria Modelo's trademarks, including the Corona trademarks, in the manufacture, sale and distribution of certain products in the United States. (Answer ¶ 20; Compl. ¶ 20, Ex. C.)[2] The term of the License Agreement was from January 1, 2007 through December 31, 2007.

Concept One was required to submit, prior to the manufacture or sale of Licensed Products, two samples of each of the Licensed Products in the form proposed for sale and distribution, as well as samples of all packaging, promotional and advertising materials, for approval by Marcas Modelo. (Diakos Decl., Ex. B § 3.2.) The License Agreement provided that "[n]o LICENSED PRODUCT bearing any of the SUBJECT MARKS shall be used, displayed, advertised, offered for sale, sold, or otherwise distributed by LICENSEE unless and until it has been approved by LICENSOR" as provided in the License Agreement. (Id. § 3.3.) The License Agreement further provided that Marcas Modelo had the "absolute discretion" to approve or disapprove of any Licensed Product or design. Concept One expressly acknowledged in the

---

[2] A copy of the License Agreement was attached as Exhibit C to the Complaint and is attached as Exhibit B to the Declaration of Joanna A. Diakos ("Diakos Decl."). This Court can consider the License Agreement on Plaintiffs' motion to dismiss defendant's tortious interference counterclaim because the License Agreement is central to this action, is referred to in defendant's Answer and Counterclaim, and is attached to the Complaint as an exhibit. See, e.g., M Sports Productions v. Pay-Per-View Network, Inc., No. 97 Civ. 6451, 1998 WL 19998 (S.D.N.Y. Jan. 20, 1998).

License Agreement that its breach of the License Agreement would result in immediate and irreparable damage to Marcas Modelo. (Id. § 12.1.)

In the event the License Agreement was terminated by Marcas Modelo, Concept One was required to immediately discontinue the manufacture of any product bearing the Corona trademarks and to cease all use of the Corona trademarks. (Id. § 11.1.)

### C.   PLAINTIFFS' COMPLAINT

On September 12, 2007, Plaintiffs filed a Complaint against Defendant Concept One for inter alia trademark infringement and breach of contract. Plaintiffs allege that Concept One violated the terms of the License Agreement by causing to be manufactured and imported for sale in the United States numerous products that contain the Corona trademarks without the approval or authorization of Marcas Modelo. In particular, Concept One submitted numerous proposed designs that did not comply with Plaintiffs' guidelines and standards for licensed products. Although Marcas Modelo clearly communicated to Concept One in writing the reasons that the designs did not comply with its guidelines and standards, and indicated that the designs were not approved, Concept One nevertheless proceeded to manufacture, import and offer for sale products bearing the unauthorized designs. In addition, Concept One has been advertising and selling products containing the Corona trademarks for which it did not ever have the consent, license or permission of Plaintiffs to sell in violation of the License Agreement.

As a result of Concept One's blatant infringement of the Corona trademarks and breach of the License Agreement, Plaintiffs terminated the License Agreement by letter dated July 26, 2007. Notwithstanding that Concept One's license was terminated, Concept One openly continued to sell unauthorized products bearing the Corona trademarks, necessitating this civil action.

6

Based on these and other allegations, Plaintiffs assert nine causes of action against Concept One for: (1) infringement of federally registered trademarks; (2) false designation of origin in violation of the Lanham Act; (3) false advertising in violation of the Lanham Act; (4) common law trademark infringement; (5) common law unfair competition; (6) violation of Section 360-l of the New York General Business Law; (7) violation of Section 549 of the New York General Business Law; (8) breach of contract (sale of unauthorized products); and (9) breach of contract (sale of unapproved products).

### D.  CONCEPT ONE'S COUNTERCLAIMS

On October 22, 2007, Concept One filed an Answer and asserted Counterclaims for: (1) breach of contract; (2) declaratory judgment; and (3) tortious interference with business relations.

With respect to the Third Counterclaim, Concept One alleges the following:

- It performed all of its obligations under the License Agreement, including submitting over three hundred and fifty (350) products to Plaintiffs for their approval. (Counterclaim ¶ 97.)

- Although the products Concept One submitted for approval "conformed to Plaintiffs' contractual standards", Plaintiffs improperly, in bad faith, and in violation of the License Agreement, approved only six products. (Counterclaim ¶ 98.)

- The reason that Plaintiffs approved only six products was that Plaintiffs felt their recent grant of licenses was a mistake and they wished to "flush" the market of products. (Counterclaim ¶ 99.)

- Plaintiffs terminated the License Agreement in bad faith and in violation of the covenant of good faith and fair dealing. (Counterclaim ¶ 101.)

- Plaintiffs were aware of "contracts and other business relations between defendant and certain purchasers of product" bearing the Corona trademarks and that Plaintiffs "intentionally, knowingly and by wrongful means" interfered with Concept One's business relations by causing "certain purchasers to cancel contracts, orders and commitments for product." (Counterclaim ¶¶ 107-108.)

7

Concept One seeks compensatory damages and award of punitive damages. (Counterclaim, Wherefore Clause.)

By this motion, Plaintiffs move to dismiss the Third Counterclaim and strike the request for punitive damages because, even assuming that the foregoing allegations are true (which they are not), the Third Counterclaim fails to state a cause of action upon which relief can be granted and Concept One is not entitled to an award of punitive damages on any of its counterclaims as a matter of law.

### III.   ARGUMENT

#### A.   DEFENDANT FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

When deciding a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations contained in the [counterclaim]" and "draw all reasonable inferences in [non-movant's] favor." Abelhamid v. Altria Group, Inc., __ F. Supp. 2d ___, No. 06 Civ. 3927, 2007 WL 2186275, at *2 (S.D.N.Y. July 27, 2007). Nonetheless, to survive a 12(b)(6) motion to dismiss, the allegations in the counterclaim must be plausible. Id. Although the counterclaim need not provide "detailed factual allegations," it must "amplify a claim with some factual allegations…to render the claim plausible." Id. To be clear, the test is no longer whether there is "no set of facts" that defendant can prove that entitle him to relief, but rather, whether the counterclaim provides "the grounds upon which [the defendant's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Id.

To state a claim for tortious interference with business relations under New York law, Concept One must allege facts demonstrating that: (1) it had a business relationship with a third party; (2) Plaintiffs knew of that relationship and intentionally interfered with it; (3) Plaintiffs

8

acted "solely out of malice" or used "wrongful means"; and (4) Plaintiffs' interference injured Concept One's relationship with the third party. See, e.g., Christopher A. Vinas, CPA v. Chubb Corp., 499 F. Supp. 2d 427, 434 (S.D.N.Y. 2007) (setting forth elements of claim); Carvel Corp. v. Noonan, 3 N.Y.3d 182, 818 N.E.2d 1100, 785 N.Y.S.2d 359 (2004) (similar). Concept One's tortious interference claim fails for at least two reasons: (1) it cannot establish as a matter of law that Plaintiffs used "wrongful means" to interfere with Concept One's business relations with third parties; and (2) it fails to identify the business relations with which Plaintiffs allegedly interfered.

### 1. Defendant Cannot Establish That Plaintiffs Used "Wrongful Means"

Concept One makes a conclusory allegation that Plaintiffs used "wrongful means" to allegedly interfere with Concept One's business relations. (Counterclaim ¶ 108.) This is insufficient to state a tortious interference with business relations claim as a matter of law. Significantly, the New York Court of Appeals has made clear that "wrongful means" in this context is limited to "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degree of economic pressure; they do not, however, include persuasion alone although it is knowingly directed at interference with the contract." Carvel Corp v. Noonan, 3 N.Y.3d 182, 191, 818 N.E.2d 1100, 1104 (2004). Defendant does not even state in its counterclaim what the "wrongful means" supposedly are, but Plaintiffs assume that they are the termination of the License Agreement and notification to retailers that Concept One was no longer an authorized licensee for Corona-branded merchandise.

Here, Concept One cannot allege any plausible facts that would support a finding that Plaintiffs used "wrongful means" in interfering with Concept One's business relations with third parties because Marcas Modelo terminated the License Agreement to protect against

9

infringement and dilution of Cerveceria Modelo's valuable trademarks. Having done so, Plaintiffs had the right to notify retailers that Concept One's License Agreement had been terminated and that any goods it proposed to sell to them were not authorized. Indeed, courts in New York have held that a party's enforcement of its intellectual property rights does not amount to use of "wrongful means" as a matter of law. See, e.g., P. Kaufmann, Inc. v. Americraft Fabrics, Inc., 232 F. Supp. 2d 220 (S.D.N.Y. 2002) (dismissing tortious interference counterclaims with prejudice and holding that plaintiff was justified in sending letters to third parties informing them that the fabric supplied by defendant potentially infringed on plaintiff's copyright); see also Golden Gulf Corp. v. Jordache Enterprises, Inc., 896 F. Supp. 337 (S.D.N.Y. 1995) (finding that defendant did not tortiously interfere with plaintiff's business relations as a matter of law when it acted to "protect its legitimate trademark interests"); Leopold v. Henry I. Siegel Co., No. 08 Civ. 0063, 1987 WL 5373 (S.D.N.Y. Jan. 5, 1987) (defendant's motion for partial summary judgment dismissing plaintiff's tortious interference claim granted where all that was alleged was that trademark owner notified third party that the goods it proposed to sell in its stores were the subject of a trademark opposition proceeding).

Since Concept One cannot allege any facts that would support a finding that it used "wrongful means" to interfere with Concept One's business relations, its claim must be dismissed with prejudice. See, e.g., Christopher A. Vinas, CPA, 499 F. Supp. 2d at 434-35; P. Kaufmann, Inc., 232 F. Supp. 2d at 225 (S.D.N.Y. 2002); M Sports Productions v. Pay-Per-View Network, Inc., No. 97 CV 6451, 1998 WL 19998, at *2 (S.D.N.Y. Jan. 20, 1998); Advanced Global Tech. LLC v. Sirius Satellite Radio, 15 Misc. 3d 776, 782, 836 N.Y.S.2d 807, 812 (Sup. Ct. N.Y. Cty. 2007).

P. Kaufmann, Inc. v. Americraft Fabrics, Inc. is instructive. In P. Kaufmann, Inc., the plaintiff brought claims for copyright infringement, injury to business reputation and unfair competition. The defendant counterclaimed, alleging that two letters sent by the plaintiff to retailers, which informed them of plaintiff's copyright claims against defendant, constituted tortious interference with contract and with economic relations. Id. at 223. Judge Sweet granted plaintiff's motion to dismiss the tortious interference counterclaims finding that "seeking to protect a copyright by alerting a third party that the copyright is being infringed constitutes a justification defense to this claim." Id. at 225. Given that plaintiff's actions were justified, defendant could not establish as a matter of law that plaintiffs' used "improper means" to interfere with defendant's business relations. Id. The same is true here.

Concept One's tortious interference claim is even more deficient than the claim that was dismissed in P. Kaufmann, Inc. Unlike the allegations in that case, Concept One offers no facts whatsoever that would support a finding that Plaintiffs used "wrongful means" to interfere with Concept One's business relations with third parties. (Counterclaim ¶¶ 106-109.) Therefore, Defendant's Third Counterclaim fails to state a cause of action upon which relief can be granted, and the claim should be dismissed with prejudice.

### 2. Concept One Fails To Identify The Business Relations With Which Plaintiffs Allegedly Interfered

Concept One's tortious interference claim should be dismissed for the additional reason that Concept One does not identify the third parties with whom it had "business relations" with which Plaintiffs allegedly interfered. Courts in New York have consistently held that a party bringing a tortious interference claim must specify the business relations with which it alleges the other party interfered. See, e.g., Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 852 (S.D.N.Y. 2000) (conclusory allegation of third parties influenced by plaintiffs' conduct was

insufficient to state tortious interference claim); Kramer v. Pollack-Krassner Foun'n, 890 F. Supp. 250, 258 (S.D.N.Y. 1995) (dismissing tortious interference claim where complaint "refers generally to potential contacts" and various unnamed individuals and entities); Triple Z Postal Serv., Inc. v. United Parcel Serv., Inc., 13 Misc. 3d 1241, 831 N.Y.S.2d 357, 2006 WL 3393259, at*17 (N.Y. Sup. Ct., N.Y. Cty., 2006) (dismissing tortious interference with prospective business advantage claim where plaintiff failed to identify specific business relations that it was prevented from entering into because of defendant's interference).

In Scholastic, Inc. v. Stouffer, the defendant asserted a tortious interference with prospective business relations counterclaim alleging that plaintiffs interfered with her business relations with publishers by making "statements" to third parties that induced or persuaded the publishers not to do business with defendant. 124 F. Supp. 2d at 851. Defendant also alleged, without any factual support, that plaintiffs' conduct was "dishonest, unfair, malicious, fraudulent, improper, and oppressive under New York law." Id. Plaintiffs moved to dismiss the tortious interference counterclaim on the grounds that defendant failed to state a claim under New York law.

The court agreed finding that even "under liberal federal pleading standards, [defendant's] allegations [were] insufficient to state a tortious interference claim." Id. The court noted that defendant failed to plead any facts suggesting that defendants interfered with a "specific business relationship." Id.

Here, Concept One alleges that Plaintiffs were aware of "contracts and other business relations between defendant and certain purchasers of product bearing the subject mark" (Counterclaim ¶ 107), but Concept One does not identify with whom these contracts and business relations supposedly exist. As in the cases above, without any details as to the identity

of the contracts and third parties or Plaintiffs' dealings with them, Concept One's conclusory allegation that Plaintiffs interfered with these third parties is insufficient to state a claim upon which relief can be granted and therefore the counterclaim should be dismissed.

### B.   THE DEMAND FOR PUNITIVE DAMAGES SHOULD BE STRICKEN

Whether or not the Court grants the motion to dismiss, the Court should strike Concept One's request for punitive damages because the allegations in its Counterclaims are insufficient to support such extraordinary relief.

The basis of this lawsuit (including the counterclaims) is a contractual relationship between Concept One and Plaintiff Marcas Modelo. The New York Court of Appeals has established stringent requirements for punitive damages "[w]here," as here, "a lawsuit has its genesis in the contractual relationship between the parties." New York University v. Continental Insurance Company, 87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995),316, 639 N.Y.S.2d at 287. To justify a demand for punitive damages:

> (1) defendant's conduct must be actionable as an independent tort;
> (2) the tortious conduct must be of the egregious nature set forth in Walker v. Sheldon, 10 N.Y.2d 401, 404-405, 223 N.Y.S.2d 488 [requiring that the conduct be characterized as "gross" and "morally reprehensible," and of "such wanton dishonesty as to imply a criminal indifference to civil obligations"]; (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally."

87 N.Y.S.2d at 316, 639 N.Y.S.2d at 287.

Concept One does not meet three of the four pleading criteria. First, as explained above, Concept One has failed to properly plead any independent tort separate from a breach of contract action. See, e.g., Ad Rendon Communications, Inc. v. Lumina Americas, Inc., No. 04-CV-8832, 2007 WL 2962591, at *8 (S.D.N.Y. Oct. 10, 2007) (dismissing punitive damages claim where conversion claim was dismissed); D.C. USA Operating Co., LLC v. Indian Harbor Ins. Co., No.

13

07-CV-0116, 2007 WL 945016, at *13 (S.D.N.Y. Mar. 27, 2007) (dismissing punitive damages claim where tort claims were dismissed and all that remained was breach of contract claim); Rivas v. Amerimed USA, Inc., 34 A.D.3d 250, 251, 824 N.Y.S.2d 41 (1st Dep't 2006) (striking punitive damages demand where tort claims were dismissed). Second, Concept One has not alleged egregious harm, but only a basic breach of contract claim between sophisticated business entities. Third, Concept One has not and cannot allege a pattern of conduct directed at the public because this is a straightforward breach of contract action between two parties in a strictly commercial relationship.

Accordingly, the Court should strike Concept One's demand for punitive damages.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss Concept One's Third Counterclaim for Tortious Interference with Business Relations with prejudice and strike Defendant's demand for punitive damages.

Dated: New York, New York
November 13, 2007

                                               KIRKPATRICK & LOCKHART
                                               PRESTON GATES ELLIS LLP

                                               By: _____
                                                      Darren W. Saunders (DS 0456)
                                                      Mark I. Peroff (MP 6858)
                                                      Joanna A. Diakos (JD 7269)

                                                      599 Lexington Avenue
                                                      New York, New York 10022

                                                      Telephone: 212-536-3900
                                                      Facsimile: 212-536-3901

                                                      *Attorneys for Plaintiffs*