UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CERVECERIA MODELO, S.A. DE C.V. and MARCAS MODELO, S.A. DE C.V.,

Plaintiffs,

-against-

USPA ACCESSORIES LLC d/b/a CONCEPT ONE ACCESSORIES,

Defendant.

Civil Action No. 07 CV 7998 (HB)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THIRD COUNTERCLAIM AND TO STRIKE DEMAND FOR PUNITIVE DAMAGES**

Darren W. Saunders (DS 0456)
Mark I. Peroff (MP 6858)
Joanna A. Diakos (JD 7269)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901

Attorneys for Plaintiffs Cerveceria Modelo, S.A. de C.V. and Marcas Modelo, S.A. de C.V.

# TABLE OF CONTENTS


Page

I. PRELIMINARY STATEMENT ..... 1

II. SUPPLEMENTAL STATEMENT OF FACTS ..... 2

III. ARGUMENT ..... 4

A. THE PROPER LEGAL STANDARD ..... 4

B. CONCEPT ONE DOES NOT STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT ..... 4

1. Concept One Fails To Allege A Breach Of Contract ..... 5

2. Plaintiffs' Alleged Interference Was Justified ..... 6

C. CONCEPT ONE IS NOT ENTITLED TO PUNITIVE DAMAGES ..... 8

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

Ad Rendon Comm's v. Lumina America, Inc., No. 04 Civ. 8832, 2006 WL 1593884 (S.D.N.Y. June 7, 2006) ..... 9

Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007) ..... 4

ConocoPhillips v. 261 East Merrick Road Corp., 428 F. Supp. 2d 111 (E.D.N.Y. 2006) ..... 9

Fonar Corp. v. Magnetic Resonance Plus, Inc., 957 F. Supp. 477 (S.D.N.Y. 1997) ..... 5

G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233 (S.D.N.Y. 2001) ..... 6

Independence Tube Corp. v. Copperweld Corp., 691 F.2d 310 (7th Cir. 1982) ..... 8

Kirch v. Liberty Media Corp., 449 F.3d 388 (2d Cir. 2006) ..... 5, 6

Leadsinger, Inc. v. Cole, No. 05 Civ. 566, 2006 WL 2320544 (S.D.N.Y. Aug. 10, 2006) ..... 6

Mina Investment Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245 (S.D.N.Y. 1999) ..... 8

Orange County Choppers, Inc. v. Olaes Enterprise, Inc. d/b/a ODM, 497 F. Supp. 2d 541 (S.D.N.Y. 2007) ..... 5

P. Kaufmann, Inc. v. Americraft Fabrics, Inc., 232 F. Supp. 2d 220 (S.D.N.Y. 2002) ..... 7

Sofi Classic S.A. de C.V. v. Hurowitz, 444 F. Supp. 2d 231 (S.D.N.Y. 2006) ..... 9

TVT Records v. Island Defense Jam Music Group, 244 F. Supp. 2d 263 (S.D.N.Y. 2003) ..... 8

Upjohn v. Riahom Corp., 650 F. Supp. 485 (D. Del. 1986) ..... 8

## STATE CASES

Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413 (1996) ..... 5

NBT Bancorp Inc. v. Fleet/Norstar Finance Group, 87 N.Y.2d 614 (1996) ..... 5

New York University v. Cont'l Insurance Co., 87 N.Y.2d 308 (1995) ..... 9, 10

Rocanova v. Equitable Life Assurance Society of U.S., 83 N.Y.2d 603 (1994) ..... 9, 10

Swersky v. Dreyer, 219 A.D.2d 321 (1st Dep't 1996) ..... 10

United Euram Corp. v. Occidental Petroleum Corp., 474 N.Y.S.2d 372 (N.Y. Civ. Ct. 1984) ..... 8

Vigoda v. DCA Products Plus Inc., 293 A.D.2d 265 (1st Dep't 2002) .......... 7

Plaintiffs-Counterclaim Defendants Cerveceria Modelo, S.A. de C.V. ("Cerveceria Modelo") and Marcas Modelo, S.A. de C.V. ("Marcas Modelo") (together, "Plaintiffs"), respectfully submit this reply memorandum of law in further support of their motion to dismiss Defendant-Counterclaim Plaintiff USPA Accessories LLC d/b/a Concept One Accessories' ("Concept One" or "Defendant") Third Counterclaim and to strike Concept One's request for punitive damages.

## I. PRELIMINARY STATEMENT

Concept One, in apparent recognition that it has not stated a claim for intentional interference with business relations, has filed an Amended Answer and Counterclaims in which it changed its third counterclaim from intentional interference with business relations to intentional interference with contract. Concept One argues that the Motion to Dismiss is now "moot" because it amended its Third Counterclaim. (Def.'s Mem. at 4.) Concept One is wrong. On the contrary, Plaintiffs' Motion to Dismiss Concept One's Third Counterclaim should be granted because Concept One's new cause of action for intentional interference with contractual relations similarly fails to state a claim upon which relief can be granted. In particular, Concept One has failed to make the critical allegation that a third party has breached an existing contract. Without this allegation, Concept One's Third Counterclaim must be dismissed.

Moreover, the Court should reject Concept One's argument that Plaintiffs acted improperly and without justification when they notified retailers that they terminated Concept One's license agreement. Plaintiffs, as the owner and licensor of the valuable Corona trademarks, had every right to inform retailers that they terminated Concept One's license agreement. Such notification was an absolute necessity to protect the integrity of the Corona licensing program by providing notice to retailers that Concept One's Corona-branded goods

were not approval or authorized by Marcas Modelo. This factual notification of a licensee's termination to protect trademark rights constitutes legal justification. For this reason as well, the motion to dismiss should be granted.

Compounding Concept One's pleading omissions and erroneous arguments, defendant applies the wrong legal standard. Earlier this year, the United States Supreme Court changed the standard for a motion to dismiss under Rule 12(b)(6) by eliminating the "no set of facts" test relied upon by Concept One. The new standard for properly pleading a claim is more stringent than the former test and this provides further support that Plaintiffs' motion should be granted.

Finally, the Court should strike Concept One's request for punitive damages because Concept One does not allege that Plaintiffs' conduct was aimed at the public generally. Contrary to Concept One's contention, Concept One must plead plausible facts demonstrating public harm because its tortious interference claim has its genesis in a contractual relationship between the parties, namely, the license agreement. The request for punitive damages should also be stricken because Concept One does not allege any facts that could give rise to a finding that Plaintiffs' conduct was so morally reprehensible as to warrant an award of punitive damages.

## II. SUPPLEMENTAL STATEMENT OF FACTS

On October 22, 2007, Concept One filed its Answer in which it raised three counterclaims: (1) breach of contract; (2) declaratory judgment; and (3) tortious interference with business relations. (See Answer.) Plaintiffs moved to dismiss Concept One's Third Counterclaim on November 13, 2007. The motion was based on two principal arguments: (1) Concept One could not establish as a matter of law that Plaintiffs used "wrongful means" to interfere with Concept One's business relations with third parties; and (2) Concept One failed to

identify the business relations with which Plaintiffs allegedly interfered. (Pls.' Mem. at 9-13.) Plaintiffs also moved to strike Concept One's demand for punitive damages. (Id. at 13-14.)

On December 11, 2007, Concept One filed an Amended Answer and Counterclaims. Concept One changed its Third Counterclaim to tortious interference with contract.[1] (Am. Counter. ¶¶ 106-116.) Concept One now alleges in its amended Third Counterclaim that Plaintiffs were aware of "contracts, orders commitments and other business relations" that Concept One had with Spencer's and Wal-Mart and other unidentified third parties, and that Plaintiffs interfered with those contracts by directing a communication to Spencer's and Wal-Mart and others, which "falsely represented that Concept One was in breach of its license agreement". (Id. ¶¶ 107-109.) Concept One further alleges that as a result of Plaintiffs' "interference," Wal-Mart, Spencer's and others cancelled their "orders" and "commitments" with Concept One and have not entered into new "contracts, orders and commitments with defendant for Corona-branded goods." (Id. ¶¶ 109-110, 114.)

Marcas Modelo did communicate to retailers that it had terminated Concept One's license agreement. (A copy of the letter to retailers is attached as Exhibit A to the Supplemental Declaration of Joanna A. Diakos ("Suppl. Diakos Decl.").) The letter was sent as a matter of course because it is necessary for Plaintiffs to notify retailers of the status of its authorized licensees, and, where, as here, a licensee is terminated, to provide notice of that fact. It is then up to each retailer to decide for itself whether it wishes to purchase Corona-branded goods from the former licensee.

---

[1] Thoroughly confusing the matter, Concept One still labels the third counterclaim as "tortious interference with business relations," but according to its opposition brief, defendant is now asserting a tortious interference with contract claim. (See Def.'s Mem. at 6, 9.)

## III. ARGUMENT

### A. THE PROPER LEGAL STANDARD

Although Concept One states in its opposition papers that the standard governing motions to dismiss is "well known," it cites to and applies the former legal standard. (See Def.'s Mem. at 5-6, 9.) The United States Supreme Court, in Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007), recently disavowed the standard advanced by Concept One, that a claim should not be dismissed unless "it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim." Id. at 1968. (See Def.'s Mem. at 6 (quoting "no set of facts" standard).) The Supreme Court explained that under the "no set of facts" standard a "wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a [pleader] might later establish some 'set of [undisclosed] facts' to support recovery." Id. Justice Souter noted that the "no set of facts" standard had been "questioned, criticized, and explained away long enough" and should be "forgotten." Id. at 1969.

Under the new, more stringent standard, which this Court has already addressed, Concept One was required to provide "plausible grounds" for its allegations with "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support them." Id. at 1965; see In re Xethanol Corp. Secs. Litig., No. 06 Civ. 10234, 2007 U.S. Dist. LEXIS 65935, at *5 (Baer, J.). As demonstrated below and in Plaintiffs' opening papers, Concept One does not and cannot meet this standard and, therefore, its Third Counterclaim should be dismissed with prejudice.

### B. CONCEPT ONE DOES NOT STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

To state a valid claim for tortious interference with contract under New York law, Concept One must allege: (1) the existence of a valid contract between Concept One and a third

party; (2) Plaintiffs' knowledge of that contract; (3) Plaintiffs intentional and improper procurement of a breach of that contract without justification; (4) actual breach of the contract; and (5) resulting damages. Kirch v. Liberty Media Corp., 449 F.3d 388 (2d Cir. 2006) (citing Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 424 (1996)). Concept One's claim fails for two principal reasons: (1) Concept One does not allege that any retailer actually breached a contract with Concept One; and (2) Concept One cannot establish that Plaintiffs' alleged interference was "improper" and without justification as a matter of law.

**1. Concept One Fails To Allege A Breach Of Contract**

Because Concept One does not allege an actual breach of a contract with Concept One, it has not stated a claim for tortious interference with contract. (Am. Counter. ¶¶ 106-116.) It is well settled that a party cannot state a claim for tortious interference with contract absent alleging a breach of contract by the third parties. Lama Holding Co., 88 N.Y.2d at 424. Here, Concept One alleges only that Wal-Mart and Spencer's and unidentified "others" cancelled their "contracts, orders and commitments" with Concept One. (Am. Counter. ¶ 114.) A cancellation is not a breach. This pleading defect mandates dismissal. See, e.g., Kirch, 449 F.3d at 402 (affirming dismissal of tortious interference with contract claim where plaintiff did not allege that contract was actually breached by third party); Orange County Choppers, Inc. v. Olaes Enter., Inc. d/b/a ODM, 497 F. Supp. 2d 541, 562 (S.D.N.Y. 2007) (tortious interference with contract counterclaim dismissed where defendant alleged that third party revoked the contract, not that the contract was breached); Fonar Corp. v. Magnetic Resonance Plus, Inc., 957 F. Supp. 477, 481 (S.D.N.Y. 1997) (rulings of New York Court of Appeals and Second Circuit have consistently held that to establish a claim for tortious interference with contractual relations, a third party must breach the contract after being induced to do so by defendant); NBT Bancorp

Inc. v. Fleet/Norstar Fin. Group, 87 N.Y.2d 614 (1996) (rejecting argument that tortious interference with contract claim can be stated absent actual breach of contract).

Kirch v. Liberty Media Corp. is instructive. There, the Second Circuit affirmed the dismissal of plaintiff's tortious interference claim where the plaintiff had failed to allege actual breach of contract. The Second Circuit rejected plaintiff's argument that the "reasonable inferences" to be drawn from its allegations that the third party had "walked away" from the contract were sufficient to sustain the action. 449 F.3d at 402. According to the Second Circuit, the inference to be drawn from plaintiff's allegation that the third party had "walked away" from the project is that it had decided not to proceed with the project. Such an allegation did not, as plaintiff argued, "amount to an allegation that [the third party] violated the terms of a contract with [plaintiff] when it did so." Id.

Similarly, the reasonable inferences to be drawn from Concept One's allegation that retailers cancelled their orders is -- to the extent there were contracts at all -- that the orders were lawfully cancelled. Therefore, as in Kirch, the claim should be dismissed.[2]

**2. Plaintiffs' Alleged Interference Was Justified**

Concept One cannot establish as a matter of law that Plaintiffs "improperly" interfered with its contractual relations. Plaintiffs, the owner and exclusive licensor of the Corona trademarks, had the absolute right to notify retailers that Concept One was no longer an authorized licensee of Corona-branded goods. This effort to protect the goodwill of the Corona trademarks and prevent consumer deception was not improper, but rather, justified and precludes

[2] The claim should also be dismissed because Concept One does not allege any of the relevant terms of its claimed contracts. See, e.g., Leadsinger, Inc. v. Cole, No. 05 Civ. 566, 2006 WL 2320544 (S.D.N.Y. Aug. 10, 2006) (dismissing tortious interference with contract claim where, among other deficiencies, plaintiff failed to allege "the relevant terms of the contracts that existed" between it and the third parties); G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233, 253 (S.D.N.Y. 2001) (similar).

a claim that Plaintiffs "improperly" interfered with Concept One's contractual relations. See, e.g., P. Kaufmann, Inc. v. Americraft Fabrics, Inc., 232 F. Supp. 2d 220 (S.D.N.Y. 2002); Vigoda v. DCA Prods. Plus Inc., 293 A.D.2d 265, 266 (1st Dep't 2002) (manager's letter informing concert organizer that it no longer represented band was not tortious interference with contract).

P. Kaufmann, Inc. v. Americraft Fabrics, Inc. is directly on point.[3] There, the plaintiff, a fabric designer, sued its competitor for copyright infringement, and related claims. 232 F. Supp. 2d at 220. The defendant filed various counterclaims including tortious interference with contract. The defendant alleged that plaintiff improperly interfered with its contractual relations with its customers when it surreptitiously sent a letter to them that stated that defendant's design copies plaintiffs' design, demanded that the companies stop selling any furniture incorporating defendant's design, and threatened legal proceedings, an injunction and a destruction of goods on hand. Id. at 223. Defendant alleged that after receiving the letters the companies terminated their existing contracts with defendant for fabrics bearing the allegedly infringing design and cut off their ongoing business with defendant. Id.

The plaintiff moved to dismiss the tortious interference with contract counterclaim on the grounds that it had an economic justification for its actions, namely, protecting its copyright. Id. at 224. Judge Sweet agreed and held that "[s]eeking to protect a copyright by alerting a third party that the copyright is being infringed constitutes a justification defense to this claim." Id. at 225. Accordingly, the court dismissed the counterclaim for tortious interference with contract. Id.

---

[3] Concept One argues in its opposition that P. Kaufmann, Inc. is "inapposite" because it "appear[s] to deal with prospective business relations, not interference with existing contracts." (Def.'s Mem. at 7 n.2.) Concept One is wrong because the action concerned, and the court dismissed, claims for both tortious interference with business relations and tortious interference with contract.

Similarly, like the fabric designer in P. Kaufmann, Inc., Plaintiffs had the right to protect Modelo's valuable Corona trademarks by alerting retailers that Concept One's license agreement had been terminated. Given this right, Plaintiffs' conduct was justified and was not "improper" as a matter of law. [4]

In sum, viewing Concept One's tortuous interference with contract claim under the correct legal pleading standard, there are no plausible grounds to raise a reasonable expectation that discovery will reveal facts to support the claim, because Plaintiffs did nothing more than notify retailers that one of its licensees had been terminated. Accordingly, the tortious interference with contract claim should be dismissed with prejudice.

### C. CONCEPT ONE IS NOT ENTITLED TO PUNITIVE DAMAGES

Concept One contends that the New York Court of Appeals has not "rejected the argument urged upon this Court by plaintiffs that punitive damages may not be awarded unless there is a harm 'aimed at the public generally.'" (Def.'s Mem. at 10.) Quite to the contrary, the New York Court of Appeals has expressly held that "[w]here a lawsuit has its genesis in the contractual relationship between the parties, the threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort

---

[4] The cases on which Concept One relies in its opposition are either readily distinguishable or totally inapplicable. See, e.g., United Euram Corp. v. Occidental Petroleum Corp., 474 N.Y.S.2d 372 (N.Y. Civ. Ct. 1984) (defendant's "breach of a duty of fidelity owed to the plaintiff" constituted wrongful means); Independence Tube Corp. v. Copperweld Corp., 691 F.2d 310, 323 (7th Cir. 1982) (evidence existed that defendant and subsidiary had conspired to violate antitrust laws and therefore defendant was not justified in interfering in subsidiary's contractual relations with plaintiff) ; Mina Investment Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245 (S.D.N.Y. 1999) (affirming dismissal of tortious interference with contract claim); TVT Records v. Island Def Jam Music Group, 244 F. Supp. 2d 263 (S.D.N.Y. 2003) (defendant engaged in fraudulent scheme and egregious conduct). Indeed, one case, Upjohn v. Riahom Corp., 650 F. Supp. 485 (D. Del. 1986), fully supports Plaintiffs' position. In Upjohn, the owner of a patent had hired a private detective to threaten the third parties in order to stop them from continuing with a contract. The court, in citing to an example of what would have been "appropriate means" remarked: "If [the patent owner] had merely wanted to notify [the third party] that it intended to press its lawsuit against [defendant], it could have alerted the company by letter. . . ." This, of course, is exactly what Plaintiffs did in the present case. (See Suppl. Diakos Decl. ¶ 3, Ex. A.)

independent of the contract." New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 316 (1995). Once a court determines that a defendant's conduct is actionable as an independent tort then, under New York law, punitive damages claims are only permissible if: (1) the tortious conduct is egregious; (2) the egregious conduct is directed at the claimant; and (3) the egregious conduct is part of a pattern directed at the public generally. Id.; see Rocanova v. Equitable Life Assurance Soc'y of U.S., 83 N.Y.2d 603 (1994) (private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally).

Here, there can be no doubt that Concept One's tortious interference with contract claim has its genesis in the contractual relationship between Concept One and Plaintiffs. For this reason, Concept One was required to allege facts demonstrating that Plaintiffs' conduct was part of a pattern directed at the public generally. Accordingly, the standard annunciated by the New York Court of Appeals for the recovery of punitive damages in New York University and Rocanova governs. See, e.g., Ad Rendon Comm's v. Lumina Am., Inc., No. 04 Civ. 8832, 2006 WL 1593884, at *6 (S.D.N.Y. June 7, 2006) (conversion claim had its genesis in contractual relationship and therefore public harm was required to recover punitive damages); Sofi Classic S.A. de C.V. v. Hurowitz, 444 F. Supp. 2d 231, 248 (S.D.N.Y. 2006) (fraudulent inducement claim arose out of contractual relationship requiring allegation of public harm); ConocoPhillips v. 261 East Merrick Road Corp., 428 F. Supp. 2d 111 (E.D.N.Y. 2006) (rejecting plaintiff's argument that punitive damages are recoverable on tortious interference claim even if there is no harm to the public and granting motion (on summary judgment) to strike request for punitive damages).

The cases to which Concept One cites for the proposition that "harm aimed at the public generally" is not required either predate the New York Court of Appeals' decisions in New York University and Rocanova (see, e.g., Blank v. Baronowski and Giblin v. Murphy) or are inapposite because the tort claim at issue in the cited cases did not have its genesis in a contractual relationship (see, e.g., Swersky v. Dreyer, 219 A.D.2d 321 (1st Dep't 1996). Finally, defendant has not alleged plausible facts that Plaintiffs committed gross, wanton or willful fraud or other morally culpable conduct.

Accordingly, this Court should strike Concept One's demand for punitive damages.

## IV. CONCLUSION

For the foregoing reasons and those set forth in their opening papers, Plaintiffs respectfully request that the Court dismiss Concept One's Third Counterclaim with prejudice and strike Defendant's demand for punitive damages.

Dated: New York, New York
December 18, 2007

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By: ____________________
Darren W. Saunders (DS 0456)
Mark I. Peroff (MP 6858)
Joanna A. Diakos (JD 7269)
599 Lexington Avenue
New York, New York 10022
Telephone: 212-536-3900
Facsimile: 212-536-3901

*Attorneys for Plaintiffs*