UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CERVECERIA MODELO, S.A. DE C.V. and : Civil Action No. 07 CIV 7998
MARCAS MODELO, S.A. DE C.V., :
:
Plaintiffs, :
: **PROTECTIVE ORDER**
-against- :
:
USPA ACCESSORIES LLC d/b/a CONCEPT ONE :
ACCESSORIES, :
:
Defendants. :
                                                                          2/26/08
------------------------------------------------------------X

THIS MATTER having been brought before the Court upon application of the parties in the above-captioned matter for the entry of a Protective Order to ensure the confidentiality of certain information, and for good cause being shown;

IT IS HEREBY Ordered as follows:

1.       Information designated by a party or its attorneys as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be subject to the limitations and restrictions set forth below, and shall be used by the receiving party only for purposes of this litigation, including any trial, trial preparation, re-trial or appeals. The term "information" as used herein shall mean and refer to all or any part of (a) transcripts of oral testimony or recorded statements, (b) documents and things produced, (c) answers to interrogatories, (d) any other form or format in which discovery is made in this action, including electronic format, and (e) copies of any of the foregoing. The terms "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" as used herein shall mean sensitive information in the possession of a discovery respondent that contains personal, customer, financial, proprietary or business information. "CONFIDENTIAL" or

1

"HIGHLY CONFIDENTIAL" information shall not include any information that: (a) is or becomes generally available to the public other than as a result of a breach of this Order or other non-disclosure obligations of the receiving party; (b) was already known by the receiving party without any limitation on its use or disclosure; or (c) becomes available to the receiving party on a non-confidential basis from a non-party to this litigation, provided such non-party, in making such information available to the receiving party, was not prohibited from disclosing the information by a contractual, legal or fiduciary obligation.

2. The parties or their attorneys may designate information produced or disclosed in a tangible format, including information that is disclosed in an electronic format or medium, as "CONFIDENTIAL" by marking the same at or prior to the time at which it is produced to a receiving party with the designation "CONFIDENTIAL." Information in tangible format produced without a "CONFIDENTIAL" designation may subsequently be designated "CONFIDENTIAL" upon written notice by the designating party; provided, however, that the information so designated shall be treated as CONFIDENTIAL under the terms of this Order only from the date of designation. With respect to information produced or disclosed in other than a tangible form (i.e., oral testimony ~~or recorded statements~~ of a deposition) it shall be the duty of the party or witness seeking to designate such information as "CONFIDENTIAL" to do so either at the time the testimony is given ~~or the statements made~~, or within ~~thirty (30)~~ ten (10) days after receiving the transcript of said testimony or statements. Such information may be designated as "CONFIDENTIAL" by underlining the portions of the pages that are sought to be designated and marking such pages as "CONFIDENTIAL." Until expiration of the aforementioned 10-day period, the entire transcript will be treated as "CONFIDENTIAL" under this Order. If either

2

party fails to timely designate information in a transcript as "CONFIDENTIAL," then no part of the transcript shall be treated as such. When a party designates testimony as "CONFIDENTIAL," other than by doing so on the record at the time the testimony is given ~~or statements ma~~de, that party shall notify the attorneys for the other parties by letter of such designations within the aforementioned 10-day period. Any document or information designated as "CONFIDENTIAL" shall be deemed as such until the Court determines that the document or information is not confidential, or until the producing party, through its counsel, agrees that the document or information is not confidential. The act of designating information produced or disclosed in this action as "CONFIDENTIAL" shall constitute a certification by the party and its counsel that it believes in good faith that good cause exists for the Court to grant a protective order as respects such information.

3.  Access to information designated as "CONFIDENTIAL" shall be restricted solely to the following persons:

  a.  Officers and directors of the parties and employees of the parties who are directly involved or connected with the matters at issue, and solely to the extent necessary for the prosecution or defense of this action;

  b.  Counsel (including in-house counsel) for the parties to this action, and partners, associates, secretaries, paralegal assistants, and other persons used to assist counsel for the parties in this action, as well as any outside duplicating service utilized by counsel for the parties, to the extent reasonably necessary to render professional services in the litigation; and

  c.  The Court and its personnel, including deposition reporters and their employees.

4.  Subject to the provisions of subparagraphs d and e below, "CONFIDENTIAL" information may also be disclosed to the following persons:

3

      a.      Any person designated by the Court upon such terms as the Court deems proper after prior notice to the parties granting the parties the opportunity to be heard;

      b.      Independent third-party consultants or experts employed by or retained by parties or attorneys of record in connection with this case, to the extent such disclosure is necessary for preparation or participation in this litigation;

      c.      Any witness who gives a deposition in this action, but only during the course of, or preparation for, such deposition;

      d.      PROVIDED, HOWEVER, that in all such cases the individual to whom disclosure is to be made has signed a certification (in the form attached hereto) containing:

      (i)      A recital that the signatory has read and agrees to be bound by this Order;

      (ii)      A recital that the signatory understands that unauthorized disclosures of documents or information may constitute contempt of court; and

      (iii)      A statement that the signatory consents to the exercise of personal jurisdiction by this Court.

      e.      The executed disclosure forms referred to in subparagraph d shall be retained by counsel of record for the parties and shall not be subject to discovery or disclosure except as ordered by the Court.

5.      The parties or their attorneys, pursuant to the procedures set forth in paragraph 2 above, may also designate as "HIGHLY CONFIDENTIAL" information the producing party considers to be extraordinarily confidential. Unless and until the "HIGHLY CONFIDENTIAL" designation is withdrawn by the designating party or overruled by the Court, discovery materials so designated may be shown only to the persons listed in paragraphs 3b, 3c and 4(b) of this Order.

4

    6.       If a party challenges the designation by another party of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the party shall so advise the other party, and the parties shall make a good faith effort to resolve the issue. If the matter is not resolved within three (3) days, the objecting party may apply to the Court for an appropriate order. At all times, the burden is on the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to demonstrate the propriety of the designation. If an application is made to the Court, the prevailing party shall be reimbursed for its reasonable costs, expenses and legal fees in bringing the application. No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, and a failure to do so shall not constitute an admission that any item or information is in fact confidential or preclude a subsequent challenge to the propriety of such designation.

    7.       Any party or person filing with the Court any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, or any pleadings, motions, briefs or other paper which discloses any information designated as such, shall do so in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and a statement substantially in the following form:

> This envelope contains documents that are, or are to be, filed in this case by [name of party] and is not to be opened or the contents hereof to be displayed or revealed except pursuant to the Order approved by the Court.

8.  This Order shall be without prejudice to the right of any party or witness to bring before the Court at any time the issue of whether any particular information is or is not confidential. Nothing in this Order shall prevent any party from objecting to discovery that it believes to be otherwise improper. In addition, nothing in this Order abrogates or in any way affects any other existing agreements between the parties, including without limitation non-disclosure agreements.

9.  The provisions of this Order shall not terminate at the conclusion of this action. Within one hundred twenty (120) days after final conclusion of all aspects of this litigation, all information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," all copies of same, and all notes, memoranda, summaries or other documents in the possession, custody or control of either party or their respective attorneys which refer to, contain, or describe any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be returned to the party or person which produced such documents, or shall be certified by counsel for the party as having been destroyed.

10. The provisions of this Order shall not govern the handling of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information at trial. The parties may apply to the Trial Court for such protection as they deem appropriate for those circumstances.

6

19. The Court may modify this Order as necessary or appropriate.

SO ORDERED:

_____
U.S.M.J.

Date: 2/26/08

## CERTIFICATION

I certify my understanding that documents, information, and/or testimony designated as or deemed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL are being provided to me pursuant to the terms and restrictions of the Protective Order dated February __, 2008 (the "Order") entered into in connection with the proceeding titled <u>Cerveceria Modelo, S.A. de C.V., et ano. v. USPA Accessories LLC d/b/a Concept One Accessories</u>, 07 Civ. 7998, pending before the United States District Court for the Southern District of New York and all proceedings related thereto and that I have been given a copy of and have read the Order and agree to be bound by it. I understand that all such documents and information designated as or deemed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be returned to the attorneys for the party whose information is contained therein no later than thirty (30) days after the termination of these proceedings and any related proceedings and appeals and that no such information shall be used for any purpose other than the litigation of these proceedings. I further understand that the unauthorized disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information by me may constitute contempt of court. I also understand that by signing this certification I consent to the exercise of personal jurisdiction over me by this Court.

Dated:                                              Dated:

_____                         _____
Signature of Person Being Provided                  Signature of Person Witnessing
CONFIDENTIAL INFORMATION                            Execution of Certification

_____                         _____
Print Name                                          Print Name

_____                         _____
Write Address                                       Write Address

8