IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Defendant
42 West 38th Street, Suite 802
New York, New York 10018
(212) 695-5250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

CERVECERIA MODELO, S.A. DE C.V.    :    07 CV 7998 (HB)
and MARCUS MODELO S.A. DE C.V.,
                                   :

                  Plaintiffs,           SECOND AMENDED
                                   :    ANSWER AND COUNTERCLAIMS
            -against-                   AND JURY DEMAND
                                   :

USPA ACCESSORIES LLC d/b/a
CONCEPT ONE ACCESSORIES,           :

                  Defendant.       :

----------------------------------x

        Defendant USPA ACCESSORIES LLC d/b/a CONCEPT ONE

ACCESSORIES, by its undersigned attorney, as and for its Answer

and Counterclaims herein, alleges as follows:

        1.   Denies the allegations contained in Paragraph 1 of

the Complaint and, to the extent it calls for a legal conclusion,

it is respectfully submitted this is for the court to determine

and no further response is required.

        2.   Denies the allegations contained in Paragraph 2 of

the Complaint and, to the extent it calls for a legal conclusion,

it is respectfully submitted this is for the court to determine

and no further response is required.

        3.   Denies the allegations contained in Paragraph 3 of

the Complaint and, to the extent it calls for a legal conclusion,

it is respectfully submitted this is for the court to determine
and no further response is required.

4.    Denies the allegations contained in Paragraph 4 of
the Complaint and, to the extent it calls for a legal conclusion,
it is respectfully submitted this is for the court to determine
and no further response is required.

5.    Denies knowledge or information sufficient to form
a belief as to the truth of the allegations contained in
Paragraph 5 of the Complaint.

6.    Denies knowledge or information sufficient to form
a belief as to the truth of the allegations contained in
Paragraph 6 of the Complaint.

7.    Admits the allegations contained in Paragraph 7 of
the Complaint and further states that it has over a hundred
licenses including licenses for the marks set forth in Exhibit A,
among others.

8.    Defendant repeats and realleges each of the
allegations set forth in Paragraphs 1 through 7 above, as if
fully set forth herein.

9.    Denies knowledge or information sufficient to form
a belief as to the truth of the allegations contained in
Paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form
a belief as to the truth of the allegations contained in
Paragraph 10 of the Complaint.

2

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. With respect to the allegations contained in Paragraph 15 of the Complaint, states that the registration of the trademarks are a matter of public record to which the court is respectfully referred and, to the extent it calls for a legal conclusion, it is respectfully submitted this is for the court to determine and no further response is required.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, states that the registration of the trademarks are a matter of public record to which the court is respectfully referred and, to the extent it calls for a legal

conclusion, it is respectfully submitted this is for the court to determine and no further response is required.

18.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.  Denies the allegations contained in Paragraph 20 of the Complaint, except admits that the parties entered into a license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

21.  Denies the allegations contained in Paragraph 21 of the Complaint, except admits that the parties entered into a license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

22.  Denies the allegations contained in Paragraph 22 of the Complaint, except admits that the parties entered into a license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

23.  Denies the allegations contained in Paragraph 23 of the Complaint, except admits that the parties entered into a

4

license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

      24.  Denies the allegations contained in Paragraph 24 of the Complaint, except admits that the parties entered into a license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

      25.  Denies the allegations contained in Paragraph 25 of the Complaint, except admits that the parties entered into a license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

      26.  Denies the allegations contained in Paragraph 26 of the Complaint, except admits that the parties entered into a license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

      27.  Denies the allegations contained in Paragraph 27 of the Complaint, except admits that the parties entered into a license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

      28.  Denies the allegations contained in Paragraph 28 of the Complaint, except admits that the parties entered into a

license agreement and the court is respectfully referred to the document evidencing the agreement for the content and effect thereof.

29.   Denies the allegations contained in Paragraph 29 of the Complaint.

30.   Denies the allegations contained in Paragraph 30 of the Complaint except to state, <u>inter alia</u>, that, due to plaintiffs' blatant attempts to thwart defendant's ability to exploit its bargained-for rights under the License Agreement, defendant was constrained to manufacture and/or import for sale in accordance with and in furtherance of its rights under the parties' agreement products which conformed to the required-standards but which plaintiffs improperly, without basis, in bad faith and in violation of the License Agreement failed to affirmatively approve and/or authorize.

31.   Denies the allegations contained in Paragraph 31 of the Complaint except to state, <u>inter alia</u>, that, due to plaintiffs' blatant attempts to thwart defendant's ability to exploit its bargained-for rights under the License Agreement, defendant was constrained to manufacture and/or import in accordance with and in furtherance of its rights under the parties' agreement products which conformed to the required-standards but which plaintiffs improperly, without basis, in bad faith and in violation of the License Agreement failed to affirmatively approve and/or authorize.  In fact, as evidenced by

6

Exhibit B hereto, of the five "exemplary products" in Exhibit D to the Complaint, three were approved by plaintiffs in writing. Moreover, another had been approved by plaintiffs' predecessor and the other plaintiffs improperly, without basis, in bad faith and in violation of the agreement between the parties failed to affirmatively approve.

32.   Denies the allegations contained in Paragraph 32 of the Complaint.

33.   Denies the allegations contained in Paragraph 33 of the Complaint.

34.   Denies the allegations contained in Paragraph 34 of the Complaint and specifically denies receiving the email attached as Exhibit E to the Complaint.

35.   Denies the allegations contained in Paragraph 35 of the Complaint.

36.   Denies the allegations contained in Paragraph 36 of the Complaint.

37.   Denies the allegations contained in Paragraph 37 of the Complaint except to state, _inter alia_, that defendant has advertised "bags" on its website in accordance with the parties' agreement.

38.   Denies the allegations contained in Paragraph 38 of the Complaint.

39.   Denies the allegations contained in Paragraph 39 of the Complaint.

7

40.    Denies the allegations contained in Paragraph 40 of the Complaint.

41.    Denies the allegations contained in Paragraph 41 of the Complaint.

42.    Denies the allegations contained in Paragraph 42 of the Complaint.

43.    Denies the allegations contained in Paragraph 43 of the Complaint.

44.    Denies the allegations contained in Paragraph 44 of the Complaint except admits that defendants received a letter dated July 26, 2007 and the court is respectfully referred to the document for the content and effect thereof.

45.    Denies the allegations contained in Paragraph 45 of the Complaint.

46.    Denies the allegations contained in Paragraph 46 of the Complaint.

47.    Denies the allegations contained in Paragraph 47 of the Complaint except to state, _inter alia_, that, due to plaintiffs' blatant attempts to thwart defendant's ability to exploit its bargained-for rights under the License Agreement, defendant was constrained to sell in accordance with and in furtherance of its rights under the parties' agreement products which conformed to the required-standards but which plaintiffs improperly, without basis, in bad faith and in violation of the

8

License Agreement failed to affirmatively approve and/or
authorize.

48.    Denies the allegations contained in Paragraph 48
of the Complaint except to state, _inter alia_, that defendant has
inventory which bear the subject mark.

49.    Denies the allegations contained in Paragraph 49
of the Complaint except to state, _inter alia_, that defendant has
inventory which plaintiffs have improperly, without basis, in bad
faith and in violation of the agreement between the parties
failed to affirmatively approve and/or authorize.

50.    Denies the allegations contained in Paragraph 50
of the Complaint except to state, _inter alia_, that, due to
plaintiffs' blatant attempts to thwart defendant's ability to
exploit its bargained-for rights under the License Agreement,
defendant was constrained to sell in accordance with and in
furtherance of its rights under the parties' agreement products
which conformed to the required-standards but which plaintiffs
improperly, without basis, in bad faith and in violation of the
License Agreement failed to affirmatively approve and/or
authorize.

51.    Defendant repeats and realleges each of the
allegations set forth in Paragraphs 1 through 50 above, as if
fully set forth herein.

52.    Denies the allegations contained in Paragraph 52
of the Complaint.

9

53.   Denies the allegations contained in Paragraph 53 of the Complaint.

54.   Denies the allegations contained in Paragraph 54 of the Complaint.

55.   Defendant repeats and realleges each of the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

56.   Denies the allegations contained in Paragraph 56 of the Complaint.

57.   Denies the allegations contained in Paragraph 57 of the Complaint.

58.   Denies the allegations contained in Paragraph 58 of the Complaint.

59.   Defendant repeats and realleges each of the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

60.   Denies the allegations contained in Paragraph 60 of the Complaint.

61.   Denies the allegations contained in Paragraph 61 of the Complaint.

62.   Denies the allegations contained in Paragraph 62 of the Complaint.

63.   Defendant repeats and realleges each of the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

64.    Denies the allegations contained in Paragraph 64 of the Complaint.

65.    Denies the allegations contained in Paragraph 65 of the Complaint.

66.    Denies the allegations contained in Paragraph 66 of the Complaint.

67.    Defendant repeats and realleges each of the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

68.    Denies the allegations contained in Paragraph 68 of the Complaint.

69.    Denies the allegations contained in Paragraph 69 of the Complaint.

70.    Denies the allegations contained in Paragraph 70 of the Complaint.

71.    Defendant repeats and realleges each of the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

72.    Denies the allegations contained in Paragraph 72 of the Complaint.

73.    Denies the allegations contained in Paragraph 73 of the Complaint.

74.    Defendant repeats and realleges each of the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

11

75.   Denies the allegations contained in Paragraph 75 of the Complaint.

76.   Denies the allegations contained in Paragraph 76 of the Complaint.

77.   Defendant repeats and realleges each of the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

78.   Denies the allegations contained in Paragraph 78 of the Complaint.

79.   Denies the allegations contained in Paragraph 79 of the Complaint.

80.   Defendant repeats and realleges each of the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

81.   Denies the allegations contained in Paragraph 81 of the Complaint.

82.   Denies the allegations contained in Paragraph 82 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

83.   The Complaint fails, in whole or in part, to state a claim.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

84.   This Court lacks subject matter jurisdiction over this controversy.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

85.   Defendant's use of plaintiffs' marks were within the scope of a license agreement in which, <u>inter alia</u>, plaintiffs manifested their consent to such use, precluding plaintiffs' claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

86.   Plaintiffs committed an anticipatory breach and/or repudiation of the parties' license agreement.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

87.   Plaintiffs' knowledge and consent precludes plaintiffs' claims, in whole or in part, under <u>inter alia</u> the doctrines of acquiescence and laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

88.   Plaintiffs' claims are, in whole or in part, precluded by the doctrine of waiver and estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

89.   Plaintiffs' claims are, in whole or in part, precluded by the doctrine of unreasonable delay.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

90.   Plaintiffs' claims are, in whole or in part, precluded by the doctrine of unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

91.   Plaintiffs have failed to mitigate damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

92. Defendant is entitled to a set-off pursuant to the counterclaims, which exceed the amounts claimed.

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract)

93. Defendant repeats and realleges each of the allegations in the preceding paragraphs as if fully set forth herein.

94. In or about January 2004, defendant entered into a license agreement with Procermex, upon information and belief, plaintiffs' agent, for the exploitation of the marks which are the subject of this action, which agreement was renewable each year.

95. Defendant performed all obligations of the above agreement on its part to be performed, including submitting over one thousand (1,000) products for approval, virtually none of which were rejected.

96. In or about November 2006, defendant and plaintiffs entered into a license agreement for the subject marks, effective January 1, 2007, through December 31, 2007 (the "License Agreement").

97. Defendant has performed all obligations of the License Agreement on its part to be performed, including submitting over approximately 350 products for plaintiffs' approval.

14

98.    Although the products submitted conformed to the contractual standards, in a blatant attempt to thwart defendant's ability to exploit its bargained-for rights under the License Agreement, plaintiffs improperly, without basis, in bad faith and in violation of the License Agreement, affirmatively approved only approximately four (4) products.

99.    In June 2007, at a meeting at defendant's offices, plaintiffs advised that they wished to "flush" the market of product and that they considered their recent grant of licenses to have been a "mistake."  This was understood to be the reason plaintiffs would not approve products submitted by defendant under the License Agreement for approval, even if the products otherwise conformed to contractual standards.

100. In July 2007, plaintiffs improperly purported to terminate the License Agreement.

101. Accordingly, plaintiffs have intentionally breached the License Agreement by improperly, without basis, in bad faith and in violation of the covenant of good faith and fair dealing implied therein, thwarting defendant's ability to exploit its bargained-for rights under the License Agreement, failing to affirmatively approve and/or authorize otherwise conforming products and improperly terminating the License Agreement, among other things.

102. By reason of the foregoing, defendant has been damaged.

### AS AND FOR A SECOND COUNTERCLAIM
(Declaratory Judgment)

103. Defendant repeats and realleges each of the allegations in the preceding paragraphs as if fully set forth herein.

104. Defendant has no adequate remedy at law.

105. Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, defendant is entitled to a declaration that the License Agreement is and/or at all relevant times was in full force and effect.

### AS AND FOR A THIRD COUNTERCLAIM
(Tortious Interference with Business Relations)

106. Defendant repeats and realleges each of the allegations in the preceding paragraphs as if fully set forth herein.

107. Plaintiffs requested and obtained from defendant the identity of defendant's accounts and were otherwise aware of defendant's contracts, orders, commitments and other business relations, including Wal-Mart Stores' order and contract, dated March 20, 2007, for Corona-brand hats; and Wal-Mart Stores' order and contract, dated May 31, 2007 for Corona-brand combos.

108. On or about July 30, 2007, and, upon information and belief, on other occasions to be learned in discovery and/or proved at trial, plaintiffs intentionally, knowingly and by wrongful means interfered with defendant's contracts, orders,

16

commitments and other business relations by, _inter alia_,
surreptitiously circulating communication addressed to third-
party licensees of plaintiffs and upon information and belief
others, but also directed at Wal-Mart Stores and Spencer's and
defendant's other accounts, which, _inter alia_, falsely
represented that defendant was in breach of its License
Agreement.

109. In addition, plaintiffs, _inter alia_, falsely
implied that defendant's License Agreement had been properly
terminated.

110. In fact, it was plaintiffs who were in breach of
the License Agreement and plaintiffs were so advised by Concept
One.

111. Plaintiffs failed to advise and omitted to state
that plaintiffs had wrongfully terminated the License Agreement
and wrongfully and in violation of the covenant of good faith and
fair dealing therein improperly and without justification failed
to approve and/or authorize products for distribution or sale.

112. Plaintiffs made the misrepresentations and
omissions with the intention of causing the above contracts,
orders and commitments to be canceled and breached and to
interfere with their entering into new contracts, orders and
commitments with defendant.

113. Plaintiffs made the misrepresentations and
omissions without any justification and with malice in order to

17

harm Concept One and prevent it from exploiting its rights under the License Agreement and not for any legitimate business purpose.

114. By reason of the foregoing, the above contracts, orders, commitments were canceled, including the above-referenced Wal-Mart orders and contracts which were canceled and breached.

115. By reason of the foregoing, defendant has been damaged.

WHEREFORE, defendant demands judgment dismissing the Complaint herein and, on the Counterclaims, awarding damages in an amount to be determined at trial but in all events not less than $3,000,0000 and entering a judgment declaring the License Agreement to be in full force and effect; together with the costs and disbursements of this action; punitive damages and attorneys' fees as permitted by law; and for such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        April 24, 2008


_____/s/_____
IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Defendant
42 West 38th Street, Suite 802
New York, New York 10018
(212) 695-5250


Answer Amended - Second.wpd

18

<u>JURY DEMAND</u>

Defendant demands trial by jury on all claims properly triable by a jury.

Dated:  New York, New York
        April 24, 2008


                                    _____/s/_____
                                    IRA DANIEL TOKAYER, ESQ. (IT-4734)
                                    Attorney for Defendant
                                    42 West 38th Street, Suite 802
                                    New York, New York 10018
                                    (212) 695-5250