IRA DANIEL TOKAYER
ATTORNEY AT LAW
42 WEST 38TH STREET
SUITE 802
NEW YORK, NEW YORK 10018

TEL: (212) 695-5250
FAX: (212) 695-5450

*ENDORSED ORDER*

*Upon the representation by defendant's attorney that all discovery disputes have been resolved, we cancel the previously scheduled conference.*

*[signature] 5/21/08*

*5/21/08*

May 6, 2008

*[Received stamp: MAY 2 7 2008]*

BY HAND
Hon. Michael H. Dolinger
Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Cerveceria Modelo, S.A. de C.V., et ano.
             v. USPA Accessories LLC d/b/a Concept One Accessories,
             <u>07 CV 7998</u>

Hon. Magistrate Judge Dolinger:

        I am the attorney for defendant USPA Accessories LLC d/b/a Concept One. Since the last conference with Your Honor, the parties have worked diligently to complete discovery and resolve any outstanding discovery issues. Depositions have now been completed and the only current outstanding areas of disputes are with respect to plaintiffs' supplemental responses to interrogatories and plaintiffs' declination to collect and produce certain specific documents identified at the depositions of plaintiffs as detailed below. (See Ex. A.)

        I write to request a conference to enlist the Court's assistance in resolving the parties' disputes. I bring this matter to the Court's attention now as discovery is, by agreement of counsel, scheduled to be closed on May 16, 2008.

Facts

        This action was commenced on September 12, 2007, for, inter alia, trademark infringement, unfair competition, injury to business reputation and breach of contract. Defendants have interposed an answer denying the material allegations of the complaint, asserting affirmative defenses and asserting counterclaims for breach of contract, declaratory judgment and tortious interference with contracts. Specifically, defendant claims that, in violation of the covenant of good faith and fair dealing, plaintiffs sought to thwart Concept One from exploiting its rights under a License Agreement between the parties by failing to approve designs and products for distribution

Hon. Michael H. Dolinger
Magistrate Judge
May 6, 2008
Page 2

and sale. It is alleged that, out of over 350 designs and products submitted by Concept One for plaintiffs' approval, only four were approved before plaintiffs unlawfully terminated Concept One's license.

A description of the procedural history of the case is found in Justice Baer's Opinion and Order, dated April 10, 2008, which I have attached for the Court's convenience. (See Ex. B.)

### Discovery Dispute

On December 26, 2007, defendant propounded a number of discovery devices including Defendant's First Set of Interrogatories to Plaintiffs. On May 2, 2008, I finally received plaintiffs' supplemental response which on the date of our previous conference with Your Honor plaintiffs had agreed to provide. The interrogatory response is still incomplete as to interrogatory nos. 2, 3, 4 and 6 in that the response does not provide the requested information by year. (See Ex. C.) I have advised plaintiffs' counsel of the deficiency. They have failed to confirm that it will be remedied.

In addition, by letter dated April 13, 2008, I followed-up on requests made on the record at the depositions of plaintiffs' witnesses. At that time, I requested, inter alia, that plaintiffs produce Defendant's Deposition Exhibits 7, 9, 12, 21A, 30, 34, 35, 36 and 46 in electronic form, in native format, including all metadata. (See Item 6 to the April 13, 2008 letter within Ex. A.) I also requested documents concerning the 2007 licensees of Marcas Modelo provided to LabelTex and the notice to licensees to attend a meeting with that party, among other things. (See id., Items 19-20.) Plaintiffs have objected and declined to produce the aforementioned documentation.[1]

The Federal Rules are very liberal with respect to the scope of discovery. A party may inquire about "any matter, not privileged, that is relevant to a claim or defense." Fed. R. Civ. P. 26(b)(1). Moreover, the federal rules were amended in December 2006 to specifically provide for the kind of electronic discovery defendant has requested. See, e.g., Fed. R. Civ. P. 34 and 37. The requested items fall within the scope of the discovery to which defendant is entitled under the federal

---

[1] To date, plaintiffs have interposed no other objection to the items demanded by defendant set forth in the various letters attached within Ex. A hereto, except for Item 3 to the April 13, 2008 letter, which item defendant will not press in light of plaintiffs' representation that the document was prepared by counsel and that the information, other than the date the document was first prepared, is privileged. I am advised by counsel that the date the document was first prepared will be provided. Defendant is still awaiting documents and other information responsive to many of the other requested items. If the information and documentation is not received in a timely fashion, defendant reserves the right to bring this to the Court's attention for resolution as well.

Hon. Michael H. Dolinger
Magistrate Judge
May 6, 2008
Page 3

rules. The documents had been identified as originating with plaintiffs. They relate to such relevant matter as the identity of the product categories that plaintiffs licensed to Concept One and others; the standards applied by plaintiffs to designs and products submitted by Concept One for plaintiffs' approval; plaintiffs' decision not to renew and then to terminate Concept One's License Agreement; plaintiffs' alleged tortious notification to Concept One's competitors and customers about the purported termination; and the identity of plaintiffs 2007 licensees and others whom plaintiffs may have treated as licensees in addition to or in lieu of defendant.

Plaintiffs' claim that defendant's request is burdensome without elaborating further is legally insufficient as a basis for withholding electronic data. See Fed. R. Civ. P. 26(b)(1)(B). Moreover, in an attempt to address this purported concern, I offered to arrange a conference between the parties' information technology professionals to discuss the most cost-effective manner to collect and transmit the data. Plaintiffs have failed to respond. Apparently, they have no interest in resolving the issue short of judicial intervention. I note that, at plaintiffs' demand, defendant collected and produced an extraordinary amount of electronic data - at significant cost and expense. Any objection on the ground of relevance is without merit as demonstrated above. Moreover, at plaintiffs' insistence, Your Honor has entered an elaborate Confidentiality Order, dated February 26, 2008, which fully protects plaintiffs with respect to the disclosure of such documentation.

### Conclusion

I am available to conference with the Court at its earliest convenience to discuss the matters raised herein and any other matter.

Very truly yours,

Ira Daniel Tokayer

cc:   Kirkpatrick & Lockhart Preston Gates Ellis LLP

Magistrate Ltr 02.wpd