IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Defendant
42 West 38th Street, Suite 802
New York, New York 10018
(212) 695-5250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

CERVECERIA MODELO, S.A. DE C.V.    :   07 CV 7998 (HB)
and MARCUS MODELO S.A. DE C.V.,
                                   :
            Plaintiffs,
                                   :
      -against-                        DECLARATION
                                   :
USPA ACCESSORIES LLC d/b/a
CONCEPT ONE ACCESSORIES,           :

            Defendant.             :
------------------------------------x

      IRA DANIEL TOKAYER, an attorney admitted to practice law in the State of New York, hereby declares under penalty of perjury the following:

      1.   I am the attorney for defendant USPA Accessories LLC d/b/a Concept One Accessories ("Concept One").  This Declaration is submitted in support of Concept One's motion: (i) to preclude the testimony of plaintiffs' expert witness, Ronald G. Vollmar ("Vollmar"), with respect to plaintiffs' damages; and (ii) to conduct the deposition of Spencer's Gifts LLC (by its officers Steven Silverstein, Anthony Graziosi and/or Beth Bowman Taylor) for use at trial.  I am fully familiar with the matters set forth herein.

      2.   Concept One's motion should be granted in its entirety.  Vollmar's testimony with respect to plaintiffs'

purported damages should be precluded because plaintiffs served Vollmar's expert report more than forty-five (45) days after the deadline set by the Court in its Scheduling Order, dated November 15, 2007.  Separately, Concept One should be permitted to take the deposition of Spencer's Gifts LLC ("Spencers") - a non-party to this action - for use at trial because: (1) the testimony is material and necessary for the defense and prosecution of this action; (2) the witnesses are unavailable to give live testimony at trial; and (3) the witnesses are located more than 100 miles from the courthouse and cannot be otherwise compelled to appear.

## THIS ACTION

3.   This action, commenced on or about September 12, 2007, arises out of plaintiffs' failure to approve Concept One's submissions of designs under a license agreement in which plaintiffs granted Concept One the right to produce and distribute headwear, caps, beanies, bags, umbrellas, flip-flops and t-shirts bearing the Corona mark.  Plaintiffs' failure to approve designs - or even review them - prevented Concept One from producing, distributing and selling Corona-brand products to its retail customers and from exploiting its bargained-for rights under the license agreement.

## PLAINTIFFS' BELATED EXPERT REPORT

4.   On November 15, 2007, this Court entered a Scheduling Order requiring, <u>inter alia</u>, that expert reports be

submitted forty-five (45) days before the month the trial was to commence. (Ex. A.)

5. The trial month was set as August 2008. Thus, plaintiffs' expert report was due on June 16, 2008. Plaintiffs, however, served their expert report after the close of business on Friday, August 1, 2008, more than forty-five (45) days after the time set by the Court and after the last business day before this motion in limine was due by agreement of the parties. (Ex. B.)[1]

6. Plaintiffs' belated service of the expert report prejudices Concept One in its preparation for trial scheduled to commence on August 25, 2008. Indeed, despite Concept One's repeated demands, the expert report is the first time plaintiffs have set forth _any_ theory or computation of their damages.

7. Specifically, in its Rule 26 statement, dated November 30, 2007, plaintiffs claimed not to be able to compute its damages because "they have not yet taken discovery from Defendant on this topic." (Ex. C.) In the over eight (8) and a half month period that discovery has been ongoing, plaintiffs have failed to supplement this Rule 26 statement. Indeed, plaintiffs have persisted in their failure to set forth any

---

[1] Concept One submitted its expert report on July 8, 2008, because the parties had agreed to simultaneously exchange reports. When it became apparent that plaintiffs' report was not forthcoming, Concept One promptly served its report and no timeliness objection has ever been made thereto.

theory or computation of their damages notwithstanding Concept One's notification that failure to do so would result in this motion for preclusion.  (Ex. D.)

## THE TESTIMONY OF SPENCERS OFFICERS

8.  Spencers is a large retail chain which carried Corona-brand products.  In 2007, Spencers planned to carry and in fact ordered Corona-brand products from Concept One and others.

9.  Spencers is not a party to this action.  However, its testimony is crucial.  It is anticipated that its officers will testify to the following:

- conversations with plaintiffs concerning their failure to approve or even review licensees' submissions of designs and/or products;
- Spencers' ultimately unsuccessful efforts to get plaintiffs to approve Corona-brand products for sale and distribution to retailers such as Spencers, including the April 2007 "Spencers Summit" which plaintiffs and their licensees attended;
- plaintiffs' misleading responses to Spencers' efforts to get plaintiffs to approve products for sale and distribution;
- the impact upon Spencers and other retailers of plaintiffs' failure to approve products;

- the needs of Spencers and other retailers for Corona-brand product and its communication of same to licensees, including Concept One;
- the cancellation of orders after the termination of Concept One,

among others things.

10. Concept One advised plaintiffs of its intent to call Spencers at trial. On January 3, 2008, in response to plaintiffs' interrogatories, defendant identified representatives of Spencers as trial witnesses. (Ex. E.) The reason Concept One did not depose Spencers, however, was that Concept One intended to have Spencers testify live in accordance with this Court's preference for same embodied in Individual Rule 5A.

11. On July 11, 2008, the Court advised that the trial was to commence on August 25, 2008. Aware that many of defendant's witnesses, including Spencers, were planning to attend an important trade show in Las Vegas, I respectfully requested that the trial be re-scheduled. On July 22, 2008, the parties were advised that the trial could not be re-scheduled. (Ex. F.) At that time, Concept One noticed the deposition of Spencers (Ex. G) and now requests this Court's permission to conduct the deposition and use the deposition at trial.

12. Rule 32 permits the use of deposition testimony at trial under the circumstances. Spencers officers are non-party

witnesses who are unavailable to give live testimony and, located in Egg Harbor Township, New Jersey, more than 100 miles from the courthouse, they cannot otherwise be compelled to appear.

  13. The decision to grant a motion to take a deposition rests with the sound discretion of the trial court. <u>See</u>, <u>e.g.</u>, <u>U.S. v. Johnpoll</u>, 739 F.2d 702, 708 (2d Cir.), <u>cert. denied</u>, 469 U.S. 1075 (1984). Here, there is no prejudice to plaintiffs who have known since January 3, 2008 of defendant's intent to use Spencers' testimony at trial. Because plaintiffs have no grounds to object to Concept One calling Spencers at trial, there is no basis to object to Concept One's request to introduce this testimony by deposition. Any such objection would be mere gamesmanship and an attempt to gain an unfair advantage due to a witness' unavailability, thereby seeking improperly to avoid a full and fair trial on the merits.

  WHEREFORE, based on the foregoing, defendant requests that defendant's motion be granted in its entirety.

  I declare under penalty of perjury that the foregoing is true and correct.

  Executed this 4th day of August in New York, New York.

        _____/s/_____
        IRA DANIEL TOKAYER, ESQ.

MOT in limine - AFF 02.wpd