IRA DANIEL TOKAYER
ATTORNEY AT LAW
42 WEST 38TH STREET
SUITE 802
NEW YORK, NEW YORK 10018

TEL: (212) 695-5250
FAX: (212) 695-5450

May 28, 2008

BY FAX
Joanna Diakos, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
599 Lexington Avenue
New York, New York  10022

> Re:  Cerveceria Modelo, S.A. de C.V., et ano.
>      v. USPA Accessories LLC, d/b/a Concept One
>      Accessories, 07 CV 7998

Dear Joanna:

   Thank you for the royalty reports.  We have commenced the process of reviewing them.  Once we have completed our review, we expect to amend the calculation of damages set forth in our Rule 26 disclosure statement.  I note that defendant has still not provided its damages calculation.  Please provide same promptly as well as advise when we can expect the still outstanding discovery items set forth in my letter, dated May 21, 2008.

   In addition, please be advised that defendant has relied on plaintiffs' Rule 26 disclosure statement, plaintiffs' responses to interrogatories and plaintiffs' designation of individuals in response to defendant's Notice of Deposition Pursuant to Rule 30(b)(6) in determining the scope and nature of its discovery and trial preparation.  Defendant expressly reserves all rights and remedies related thereto.

Very truly yours,

*[signature]*

Ira Daniel Tokayer

Diakos Ltr 37.wpd

**IRA DANIEL TOKAYER**
ATTORNEY AT LAW
42 WEST 38TH STREET
SUITE 802
NEW YORK, NEW YORK 10018

TEL: (212) 695-5250
FAX: (212) 695-5450

July 9, 2008

<u>BY FAX</u>
Joanna Diakos, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
599 Lexington Avenue
New York, New York  10022

   Re: Cerveceria Modelo, S.A. de C.V., et ano.
     v. USPA Accessories LLC, d/b/a Concept One
     <u>Accessories, 07 CV 7998</u>

Dear Joanna:

  Thank you for your letter, dated July 3, 2008.  I await your advice this week on dates when Jose Pares is available for deposition.  I also take this opportunity to respond to your letter, dated July 7, 2008.

<u>Documents Made Available</u>

  The request that defendant "immediately identify all documents allegedly made available but not produced" is an uncharted fishing expedition into all of defendant's voluminous files, electronic and otherwise, and an attempt to re-visit issues previously addressed and resolved.

  As you will recall, on November 30, 2007 plaintiffs served requests for the production of documents.  An additional request was served on February 28, 2008.  In response, defendants copied and produced hundreds of pages of responsive documents and made all other responsive documents available for plaintiffs' inspection as kept and maintained in the ordinary course of defendant's business.  On March 3, 2008, defendant's MIS Director, two representatives of a forensic e-discovery firm specially retained by defendant and I met and conferred with you and others at your offices.  At that time, plaintiffs inquired of the documents maintained by defendant, including the infrastructure of the company's network and the location of its electronic and other data.  As a result of that meeting and subsequent communications, you specifically identified the

Joanna Diakos, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
July 9, 2008
Page 2

documents plaintiffs sought produced, the method plaintiffs wished utilized for the data collection and the format in which plaintiffs wished the documents produced. Defendant supplied the documents requested, including electronic data which was collected and searched at a cost to defendant of over $16,000. The substantial quantum of data was delivered on April 4, 2008, in ample time for defendant's depositions.

In light of the above, your omnibus request for "all other documents" is vague, incredibly burdensome and an untimely attempt to re-open discovery into matters fully addressed and resolved. That having been said, if you want defendant to collect and produce specific additional documents, please identify them and defendant will evaluate the request and respond promptly.

Documents Associated with the
Manufacture, Distribution and Sale
of Corona-branded Goods

Exhibit B to defendant's response to interrogatories contains the costs associated with the "manufacture" of Corona-branded goods. However, this is the first time as far as I can recall that you have asked for documents evidencing the costs of the "distribution and sale" of these goods. I do not see the relevance of these costs to the case as currently presented. Since these costs have been incurred, they may not be properly used to reduce defendant's lost profits. In all events, defendant will consider the request and seek to gather responsive documents.

Witnesses Not Identified
Pursuant to Rule 26(a)(1)(A)

I have requested that you advise whether you intend to use Jorge Perez or an "employee of Diblo Corporativo's accounting department" to support plaintiffs' claims or defenses at trial because they have not been identified as such pursuant to Rule 26(a)(1)(A). I have given you the opportunity to produce them for deposition while I reserve the right to move to preclude their testimony at trial if it becomes evident that defendant has suffered prejudice due to plaintiffs' failure to have previously identified them pursuant to Rule 26(a)(1)(A). However, as I have advised, if you do not intend to call these individuals at trial, I see no reason to incur the unnecessary time and expense of their depositions.

Joanna Diakos, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
July 9, 2008
Page 3

With respect to defendant's witnesses, we have not yet determined which of the individuals identified in the Rule 26 Disclosure Statement, dated November 30, 2007, as supplemented from time to time, will actually testify at trial. We have reserved the right to call each of them in addition to the individuals deposed by plaintiffs and each of the individuals designated by defendant in response to plaintiffs' Rule 30(b)(6) notice. I acknowledge your reservation of rights to notice the deposition of these individuals. I, however, note that you have at all times known of our stated intention to call these individuals.

Plaintiffs' Outstanding Discovery

I take this opportunity to reiterate the outstanding items that plaintiffs agreed to produce at our meeting on July 2, 2008, without waiver of any other outstanding items not specifically mentioned herein:

(1) plaintiffs' supplemental responses to interrogatories, including that portion of the attachment concerning Marcas Modelo's 2007 Sales and projected 2008 advertising costs (sales having not been projected);

(2) documents in response to Item 1 of the April 13, 2008, letter (or confirmation that no such document exists);

(3) the document responsive to Item 11 of the April 13, 2008, letter;

(4) an identification of the document in the privilege log which is responsive to Item 12 of the April 13, 2008, letter;

(5) confirmation that plaintiffs have produced all documents responsive to Item 13 of the April 13, 2008, letter;

(6) documents sufficient to identify the date the lawsuit was authorized by plaintiffs;

(7) the document entitled "Licensee database 2007.xls" (attached within Exhibit 9B), in electronic form, in native format, including all metadata; and

(8) Exhibit B to the Procermex' 2006 license agreements and confirmation that all 2006 royalty reports have been produced.

Joanna Diakos, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
July 9, 2008
Page 4

     In addition, we are now within 45 days of the date for the Pre-Trial Order and plaintiffs have not provided their expert report or their damages calculation, despite my requests for same. Defendant reserves the right to preclude the introduction of any evidence relating thereto.

     I look forward to speaking with you concerning the above or any other matter.

                           Very truly yours,

                           Ira Daniel Tokayer

Diakos Ltr 45.wpd