UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

CERVECERIA MODELO, S.A. DE C.V.    :  07 CV 7998 (HB)
and MARCUS MODELO S.A. DE C.V.,
                                   :

                 Plaintiffs,
                                   :

         -against-
                                   :
USPA ACCESSORIES LLC d/b/a
CONCEPT ONE ACCESSORIES,           :

                 Defendant.        :

----------------------------------x

DEFENDANT'S RESPONSE AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

    Defendant, by and through its undersigned attorney, hereby responds to Plaintiffs' First Set of Interrogatories to Defendant.

GENERAL OBJECTIONS

    1.  Defendant objects to the extent the Interrogatories seek information which is protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privileges.

    2.  Defendant objects to the extent the Interrogatories purport to impose obligations which are inconsistent with and/or beyond the scope imposed by the Fed. R. Civ. P. and the Local Civil Rules.

    3.  Defendant objects to the extent the Interrogatories seek documents and information that is not within defendants' possession, custody or control.

4.  Defendant's search for information and/or documents
is ongoing and discovery has not been completed.  Defendant
reserves the right to supplement and amend this response to
include additional objections, information and/or documents.

SPECIFIC OBJECTIONS

Subject to the and without waiving the foregoing
general objections which are incorporated by reference, defendant
objects and responds as follows:

1.  Identify each person who has or whom Defendant believes may
    have knowledge, or information pertaining to any facts
    alleged in the pleadings (as defined in Fed R. Civ. P.
    7(a))filed in this action, or any fact underlying the
    subject matter of this action, and state the specific nature
    and substance of the knowledge that Defendant believes such
    person(s) may have.

Response:  Defendant objects on the grounds that the
Interrogatory is premature in that discovery has not been
completed.  Subject to the aforementioned objections, care of
defendant's counsel: Byron Cohen, director of licensing; Tara
Larosa, coordinator of submission and licensing; Dana Tyskiewicz,
licensing manager; Cesar Hernandez, merchandiser - product design
and licensing; Debra Medley, vice president of merchandising -
product development; Kristen Sperling, vice president of
production - quality; David Espinoza, controller - royalties;
Gary St. Louis, vice president of sales; Harvey Mallis, vice
president of sales; Jack Gindi, account manager; David Shaoul,
women's division head - cancelled orders; Sam Hafif, president -

2

product development, quality, royalties and cancelled orders, among other things; <u>care of plaintffs' counsel</u>: upon information and belief, Juan Fernandez, Jean Marie Ruffini, Jose Maria Arreola Viera, Carlos Fernandez Gonzalez, Shawn Keller, Paul Verdu and representatives of Cramer-Krasselt - licensing, product approval and termination of license agreement; <u>c/o Walmart, 702 Southwest 8th Street, Bentonville AR 72716-0365, (479) 273-4000</u>: Javier Zavala, buyer; Ricci Leonard, buyer; Eric Pugh, buyer; Joe Rollins, supervisor - quality, cancellation of orders; <u>c/o Spencers Gifts, 6826 Black Horse Pike, Egg Harbor NJ 08234, (609) 645-3300</u>: Eric Rellosa, merchandise manager; Beth Taylor, vice president - quality, cancellation of orders; <u>c/o Sears, 3333 Beverly Rd, Hoffman Estates IL 60179, (286-2500)</u>: Natalie Kaplan, buyer - quality, cancellation of orders; and <u>c/o Counsel for 3E Trading LLC</u>: representative of 3E Trading LLC - licensing.

2.  Identify each product bearing the Corona Trademarks that was manufactured, imported or distributed by or on behalf of Defendant from January 1, 2007 to the present.

Response:  <u>See</u> Purchasing Report under Tab A.

3.  Identify each manufacturer who produced Corona-branded goods on behalf of Defendant and state for each manufacturer the products produced from January 1, 2007 to the present.

Response:  <u>See</u> Contact Info and Purchasing Report under Tab A.

In addition, Silverwing Productions, 1210 Goodnight Lane, Dallas, Texas 75229, (972) 243-4396; and Seven Hills, 81 Hope Avenue,

Worchester MA 01603 whose agent is Trilogy, 726 Tobacco Run

Drive, Bel Air MD 21015, (410) 734-4891.

4.    Identify each retailer or distributor to whom Defendant has
      sold or distributed Corona-branded goods on behalf of
      Defendant and state for each retailer or distributor the
      products sold or distributed from January 1, 2007 to the
      present.

Response:  Defendant objects on the grounds that the request is

overbroad and burdensome and seeks information which is not

calculated to lead to the discovery of admissible evidence.

Subject to the aforementioned objections, see Sales Report under

Tab B.  In addition, defendant will provide the last known

addresses and telephone number of retailers reasonably and

specifically identified by plaintiffs.

5.    State Defendant's total sales in units and in dollars of
      Corona-branded goods for each item sold from January 1,2007
      to the present.

Response:  Defendant objects on the grounds that the request is

overbroad and burdensome and seeks information which is not

calculated to lead to the discovery of admissible evidence.

Subject to the aforementioned objections, $5,441,904.17 as per

the Sales Report under Tab B.

6.    Identify any written, oral or recorded statements in any
      form that Defendant has obtained from any person regarding
      any of the facts and circumstances surrounding the subject
      matter of this lawsuit, and, for each such statement (a)
      identify the person that made the statement, and (b)
      describe the substance of the statement.

Response: Upon information and belief, none.

4

7.  As of July 26, 2007, state whether Defendant has in its possession, custody or control any inventory of Corona-branded goods, and if so, identify the inventory of each item retained.

Response:  Yes.  <u>See</u> Inventory Report under Tab C.

8.  As of July 26,2007, state whether Defendant had any orders outstanding for the manufacture of Corona-branded goods and, if so, identify the product(s) and state whether the product(s) has since been delivered to Defendant.

Response: Yes.  <u>See</u> Open Orders Report under Tab D and Shipped

Report under Tab E.

9.  State whether Defendant has distributed, sold, or offered to sell Corona-branded goods to any third parties, including without limitation retailers, wholesalers, discount stores, or liquidators, from July 26, 2007 to the present and, if such items were distributed or sold: identify: (a) the parties to whom the goods were distributed or sold; (b) the goods distributed or sold; and (c) state the total sales in units and dollars of each item sold.

Response:  <u>See</u> Shipped Report under Tab E.

10. State all facts that you contend support the affirmative defenses asserted by you in your Answer to the Complaint.

Response:  Defendant objects on the grounds that the

Interrogatory seeks information protected from disclosure under

the attorney-client privileged, the work product doctrine and

other privileges.  Defendant objects on the grounds that the

Interrogatory is vague, overbroad and compound.   Defendant also

objects on the grounds that the Interrogatory is premature in

that discovery has not been completed.  Subject to the

aforementioned objections, defendant contends, <u>inter alia</u>, that

plaintiffs improperly, without basis, in bad faith and in

5

violation of the License Agreement failed to affirmatively

approve and/or authorize products and designs which conformed to

contractual guidelines and knowingly permitted allegedly

unapproved and/or unauthorized products and designs to be

manufactured and distributed and accepted royalty payments

therefor.

11.   Identify each person whom Defendant may call as a witness on
      Defendant's behalf in this proceeding, and state, for each
      such witness, the expected subject matter and substance of
      his or her testimony.

Response: Defendant objects on the grounds that the Interrogatory

seeks information protected from disclosure under the attorney-

client privileged, the work product doctrine and other

privileges.  Defendant objects on the grounds that the

Interrogatory is premature in that discovery has not been

completed and the case is not trial ready.  Subject to the

aforementioned objections, see Response to Interrogatory No. 1.

12.   Identify the "contracts and other business relations between
      defendant and certain purchasers" of Corona-branded goods of
      which Plaintiffs were aware as alleged in paragraph 107 of
      your Counterclaim.

Response:  See documents under Tab F, among other documents

previously produced and/or made available in connection with

defendant's response to plaintiffs' document request.

13.   State the full factual basis for your contention in
      paragraph 98 of your Counterclaim that "the products
      submitted conformed to the contractual standards."

6

Response:  Defendant objects on the grounds that the Interrogatory is vague, overbroad and premature in that discovery has not been completed.  Subject to the aforementioned objections, defendant states that the individuals involved in the design, development and production of product were aware of plaintiffs' manual and monitored by an individual with experience, among other things.

14.  State how Plaintiffs "intentionally, knowingly and by wrongful means" interfered with Defendant's business relations as alleged in paragraph 108 of your Counterclaim.

Response:  Defendant objects on the grounds that the Interrogatory is vague, overbroad and premature in that discovery has not been completed.  Subject to the aforementioned objections, defendant states that, upon information and belief, plaintiffs surreptitiously circulated communication addressed to third-party licensees of plaintiffs and communicated with accounts of defendant that defendant was in breach of its License Agreement, implied that defendant's License Agreement had been properly terminated and failed to advise that plaintiffs had wrongfully terminated the License Agreement and wrongfully, improperly and without justification failed to approve and/or authorize products and designs for distribution or sale, among other things.

15.  Identify each document or other tangible items that were in any manner relied upon in answering these Interrogatories.

Response: <u>See</u> documents submitted herewith.

7

16. Identify each person who was consulted or provided information in connection with preparation of Defendant's answers to these interrogatories, and state, for each such person, the interrogatory or interrogatories in connection with which he or she provided information or was consulted.

Response: Sam Hafif and Byron Cohen were consulted and/or

provided information in connection with the preparation of each

of defendant's answers to interrogatories; Austin Mallis,

operations technician, prepared reports attached hereto; and

Paulette Brown, production, provided information with respect to

Interrogatory No. 3, all care of defendant's counsel.

Dated:  New York, New York
        January 4, 2008


        _____
        IRA DANIEL TOKAYER, ESQ.
        Attorney for Defendant
        42 West 38th Street, Suite 905
        New York, New York 10018
        (212) 695-5250

<u>VERIFICATION</u>

STATE OF NEW YORK       )
                       )  ss.:
COUNTY OF NEW YORK      )

      SAM HAFIF, being duly sworn, states that he is the [TITLE] of the defendant herein, that he has read the foregoing Response to Plaintiffs' First Set of Interrogatories and that the foregoing is true to his knowledge except as to matters which are stated to be upon information and belief and as to those matters he believes them to be true.


                                      _____
                                      SAM HAFIF


Sworn to before me this
    day of January, 2008


_____
Notary Public


Interr Resp.wpd