```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

CERVECERIA MODELO, S.A. DE C.V.      :   07 CV 7998 (HB)
and MARCUS MODELO S.A. DE C.V.,
                                     :
              Plaintiffs,
                                     :
     -against-
                                     :
USPA ACCESSORIES LLC d/b/a
CONCEPT ONE ACCESSORIES,             :

              Defendant.             :

------------------------------------x
```

DEFENDANTS'S<br>REQUESTS TO CHARGE

Defendant, by its attorney, Ira Daniel Tokayer, Esq., respectfully submits its Requests to Charge.

DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

SOURCE: Modern Federal Jury Instructions, 74-14.

EXPERT WITNESSES

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those

matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

SOURCE: Modern Federal Jury Instructions, 76-9.

## CONTRACTS - ELEMENTS

Concept One seeks to recover damages for plaintiffs' breach of contract. Within every contract is an implied covenant of good faith and fair dealing in the course of performance. This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. This duty of good faith and fair dealing applies to licensors and requires that a licensor not do anything that would impair the

value of the licensee's rights.  A breach of the covenant constitutes a breach of the agreement itself, the covenant being part and parcel of the agreement or contract.

SOURCE: PJI 4:1; See 22A N.Y.Jur 2d Contracts § 424; Zuckerwise v. Sorceron Inc., 289 A.D.2d 114, 735 N.Y.S.2d 100 (1st Dept. 2001); 511 West 232nd Owners Corp v. Jennifer Realty Co., 98 N.Y.2d 144, 746 N.Y.S.2d 131 (2002); McCarthy on Trademarks, § 18:44.

### CONTRACTS - MUTUAL MISTAKE

A contract can be reformed on the basis of mutual mistake if the writing does not accurately reflect the mutual intention of the parties.  Mutual mistake occurs when a signed writing does not accurately express the agreement of the parties.

SOURCE:  Investors Ins. Co. of America v. Dorinco Reinsurance Co., 917 F.2d 100, 105 (2d Cir. 1990); K.I.D.E. Associates, Ltd. v. Garage Estates Co., 280 A.D.2d 251, 253, 720 N.Y.S.2d 114 (1st Dept. 2001).

### CONTRACTS - MODIFICATION

A contract can be modified by mutual assent. Even if a contract expressly provides for modifications to be in writing, an oral modification will be enforced where it has been fully performed.  In addition, a party may be estopped from invoking a requirement that a modification be in writing if that party induced another's significant and substantial reliance upon an oral modification.

SOURCE: 22A N.Y. Jur 2d Contracts, § 473; J & R

Landscaping, Inc. v. Damianos, 1 A.D.3d 563, 769 N.Y.S.2d 52, 53 (2d Dept. 2003); EMI Music Marketing v. Avatar Records, Inc., 317 F. Supp. 2d 412, 421 (S.D.N.Y. 2004).

## CONTRACTS - DAMAGES

It is for you to decide on the evidence presented and the rules of law I have given you whether Concept One is entitled to recover from the plaintiffs. If you decide it is not entitled to recover, you need not consider damages. Only if you decide that Concept One is entitled to recover will you consider damages.

The basic principle of damages in a contract action is to leave the injured party in as good a position as he or she would have been if the contract had been fully performed. It is equally fundamental that the injured party should not recover more from the breach than the party would have gained had the contract been fully performed. Damages are measured as of the time of the breach.

Lost future profits may be recovered provided that (1) the loss was caused by the breach; (2) the amount of loss is established with reasonable certainty, i.e., is not left to speculation; and (3) the particular damages were fairly within the contemplation of the parties at the time of contract. However, damages resulting from the loss of future profits need not be determined with mathematical precision.

SOURCE: N.Y. PJI Vol. 2, 4:20; 4:20.1.

## TORTIOUS INTERFERENCE WITH CONTRACTS

      A person who, with knowledge of the existence of a contract, intentionally and without justification induces one of the contracting parties to breach the contract is responsible to the other party to the contract for any damage caused by his or her conduct.  Knowledge means actual awareness, but the knowledge need only be of the existence of the contract, not of its detailed terms.  An act induces the breach of a contract if it is a substantial factor in causing that breach.  The act is intentional if it is done deliberately, with the purpose of inducing the breach of contract.

      Plaintiffs have the burden of establishing that it was justified in causing a breach of contract.  In order to decide whether plaintiffs' conduct was justified, you should consider the nature of the rights interfered with, the relation between the parties to the contract, and the interests that the plaintiffs sought to protect, in other words, whether plaintiffs interest is equal to or superior to Concept One's interest.

      If you decide that plaintiffs' conduct was justified, as I have explained that term to you, then you must next consider whether Concept One has established that plaintiffs acted with malice or used wrongful means.  If you find that plaintiffs acted with malice or used wrongful means, then you will find for Concept One on this issue.  If you find that plaintiffs did not act with malice and that plaintiffs did not use wrongful means, then you will find for plaintiffs on this issue.

      SOURCE: N.Y. PJI Vol 2, 3:56.

INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

An entity who intentionally, knowingly, and by wrongful means prevents another entity from entering into a contract that would have been entered into except for the interference, is liable to the other party for any damage sustained as a result of such conduct.  An act prevents the making of a contract if it is a substantial factor in preventing the contract from being entered into.  An act is intentional when it is done deliberately, with the purpose of interfering with the rights of a party to the proposed contract.  An act is done knowingly when there is actual awareness that there is a proposed contract, although knowledge of the detailed terms of the proposed contract is not required.  An act is done by wrongful means when physical violence, fraud, misrepresentation or undue economic pressure is used.

In order to recover, Concept One has the burden of establishing 1) that plaintiffs knew of the proposed contract, 2) that plaintiffs intentionally interfered with that proposed contract, 3) that were it not for the plaintiffs' interference, the proposed contract would have been entered into, 4) that the plaintiffs' interference was done by wrongful means, and 5) that defendant suffered damages as a result.

SOURCE: N.Y. PJI Vol. 2, 3:56.

PROMISSORY ESTOPPEL

A clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made,

and an injury sustained in reliance on the promise sets forth a cause of action for promissory estoppel.

SOURCE: N.Y. PJI Vol. 2, 4:1, at 682.

### TRADEMARK - DEFENSES - CONSENT

A party owning a mark can consent, by agreement or otherwise, to another party's use of the mark.  As long as a party's use of the mark is within the boundaries of the parties' agreement, the owning party is deemed to have consented to the use and that party is protected from the charge of trademark infringement.

SOURCE: McCarthy on Trademarks, § 18.80; Restatement of Unfair Competition, § 29.

### TRADEMARK - DEFENSES - ACQUIESCENCE

The doctrine of acquiescence bars a trademark claim where a trademark owner by word or deed conveys its implied consent to use of the mark by another.

SOURCE:  McCarthy on Trademarks, § 18.41.

### TRADEMARK - DEFENSES - LACHES

The doctrine of laches bars monetary relief for a trademark claim, even in the absence of word or deed, if there has been a delay in the commencement of a proceeding resulting in prejudice to the defendant.  This is because it would be unfair for a plaintiff to wait for a defendant to build up his business and profits and only to later file suit seeking an accounting of those profits.  Prejudice can be a defendant's building up a business in reliance on the mark or committing itself to an

expensive promotional or marketing program, format or strategy.

SOURCE: McCarthy on Trademarks, §§ 31.4, 31:12; PJI 6:5.

TRADEMARK - DEFENSES - UNREASONABLE DELAY

A delay by plaintiff in suing may defeat an argument that a serious likelihood of confusion, damaging its good will and reputation, was created by defendant's actions.

SOURCE: McCarthy on Trademarks, § 31.11.

TRADEMARK - DEFENSES - WAIVER AND ESTOPPEL

Under the law, waiver and estoppel are defenses to a trademark action. Waiver is the voluntary and intentional relinquishment of a known legal right or advantage. An estoppel rests upon the word or deed of one party upon which another rightfully relies and, in so relying, changes his position to his injury.

SOURCE: PJI 4:1, at 679-81.

TRADEMARK - DEFENSES - UNCLEAN HANDS

Unclean hands can constitute a bar to the relief sought for a trademark infringement or unfair competition. Unclean hands is found when justice, conscience, good faith, uprightness, fairness or other equitable principle has been violated.

SOURCE: McCarthy on Trademarks, § 31.44, 31:46.

TRADEMARK - LOST PROFITS

A plaintiff must prove that an infringer acted with wilful deception before the infringer's profits are recoverable by way of an accounting. Moreover, while wilful deceptiveness is

necessary in order to warrant an accounting for profits, it is not sufficient.  Other factors to be considered are the degree of certainty that the defendant benefitted from the unlawful conduct; the availability and adequacy of other remedies; the role of a particular defendant in effectuating the infringement; plaintiff's laches; and plaintiff's unclean hands.

SOURCE: <u>George Basch Co., Inc. v. Blue Coral, Inc.</u>, 968 F.2d 1532, 1540 (2d Cir. 1992); <u>Life Services Supplements Inc. v. Natural Organics Inc.</u>, 2007 WL 4437168 (S.D.N.Y. Dec. 17, 2007); McCarthy on Trademarks, § 31.62; Restatement of Unfair Competition, § 9.05[B].

### TRADEMARK - ADVICE OF COUNSEL

If the defendant before taking any action sought the advice of an attorney whom he considered competent, in good faith and for the purpose of securing advice on the lawfulness of his possible future conduct, and made a full and accurate report to his attorney of all material facts of which he has the means of knowledge, and acted strictly in accordance with the advice of his attorney given following his full report, then the defendant would not be "willfully" doing wrong in doing something the law forbids, as that term is used in these instructions.  Whether the defendant acted in good faith for the purpose of seeking guidance as to questions about which he was in doubt, and whether he made a full and complete report to his attorney, and whether he acted strictly in accordance with the advice received, are questions for you to determine.

SOURCE: <u>Cuisinarts, Inc. v. Robot-Coupe Intern. Corp.</u>, 580 F. Supp. 634 (S.D.N.Y. 1984), citing Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u> (3rd ed. 1977).

TRADEMARK - DEDUCTIONS FROM GROSS SALES TO ARRIVE AT PROFITS

Costs and deductions are allowed to arrive at a defendant's profits. Costs and deductions include the cost to produce and import the goods, overhead, operating expenses and income taxes.

SOURCE: McCarthy on Trademarks, § 31.66.

Dated: New York, New York
August 11, 2008

_____/s/_____
IRA DANIEL TOKAYER, ESQ.
Attorney for Defendant
42 West 38th Street, Suite 802
New York, New York  10018
(212) 695-5250