UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                         :

CERVECERIA MODELO, S.A. DE C.V. and      :
MARCAS MODELO, S.A. DE C.V.,            :  Civil Action No. 07 CIV 7998 (HB)
                                         :
                        Plaintiffs,    :  **PLAINTIFFS' MOTION AND**
                                         :  **MEMORANDUM OF LAW IN**
   -against-                        :  **SUPPORT OF MOTION *IN LIMINE* TO**
                                         :  **PRECLUDE EXTRINSIC EVIDENCE**
USPA ACCESSORIES LLC d/b/a CONCEPT ONE  :  **REGARDING THE LICENSED**
ACCESSORIES,                             :  **PRODUCTS SET FORTH IN THE**
                                       :  **OPERATIVE LICENSE AGREEMENT**
                       Defendant.    :
-----------------------------------------------------------------X

       Plaintiffs Cerveceria Modelo, S.A. de C.V. ("Cerveceria Modelo") and Marcas Modelo, S.A. de

C.V. ("Marcas Modelo") (together, "Plaintiffs") hereby move this Court for an order precluding

Defendant USPA Accessories LLC d/b/a Concept One Accessories ("Concept One" or "Defendant")

from introducing extrinsic evidence, whether written or oral, that expands, varies or alters the products

that Concept One was authorized to sell under the license agreement entered into by Marcas Modelo (the

exclusive licensor of the Corona trademarks in the United States) and Concept One, effective January 1,

2007 (the "License Agreement").

## PRELIMINARY STATEMENT

       The fundamental issue presented in Plaintiffs' case-in-chief is whether Defendant violated the

terms of the License Agreement by knowingly selling unauthorized and unapproved goods bearing the

famous Corona trademarks in 2007, thereby engaging in acts of willful infringement of Cerveceria

Modelo's registered trademarks. The licensed goods are set forth in Exhibit B to the License

Agreement. (A copy of the License Agreement is attached to the accompanying Declaration of Joanna

A. Diakos ("Diakos Decl.") as Exhibit 1.)  In prior years, Concept One was authorized to sell bags bearing the Corona trademarks, but not in 2007.  Exhibit B to the 2007 License Agreement does not include bags.  Nevertheless, Concept One sold numerous bags bearing the Corona trademarks in 2007.  Based on the questioning of witnesses at depositions in fact discovery, Concept One will likely seek to introduce extrinsic evidence inconsistent with the License Agreement in an attempt to demonstrate that it was authorized to sell bags in 2007 under the License Agreement.  However, such extrinsic evidence is barred by the parol evidence rule and the doctrine of integration and therefore Plaintiffs submit this motion *in limine* to preclude the presentation of any extrinsic evidence related to this issue at trial.

**ARGUMENT**

**I.    EVIDENCE OF PRIOR OR CONTEMPORANEOUS COMMUNICATIONS IS BARRED UNDER THE PAROL EVIDENCE RULE**

**A.    The Relevant Provisions Of The License Agreement Are Unambiguous**

Section 1.2 of the License Agreement provides: "'LICENSED PRODUCTS' means any product or part thereof listed in Exhibit B."  Hence, Exhibit B to the License Agreement sets forth the goods that Concept One was authorized to sell bearing the Corona trademarks in 2007:  "Hats, Headware, Beanies, Umbrellas, Flip Flops, T-Shirts." (*See* Diakos Decl. Ex. 1.)  Bags are not included.

There is no ambiguity in the language of either Section 1.2 or Exhibit B; indeed, the language is simple and straightforward.[1]  Accordingly, the contract must be enforced according to its terms.  *See, e.g., Terwilliger v. Terwilliger,* 206 F.3d 240, 245 (2d Cir. 2000) ("Construing an unambiguous contract provision is a function of the court, rather than a jury, and matters extrinsic to the agreement may not be

---

[1] Whether or not a writing is ambiguous is a question of law to be resolved by the Court.  *See, e.g., W.W.W. Assocs., Inc. v. Giancontieri,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (N.Y. 1990).

considered when the intent of the parties can fairly be gleaned from the face of the instrument."); *W.W.W. Assocs., Inc. v. Giancontieri,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (N.Y. 1990); *South Road Assocs., LLC v. Int'l Bus. Mach. Corp.,* 4 N.Y.3d 272, 277, 793 N.Y.S.2d 835, 838 (N.Y. 2005) ("In cases of contract interpretation, it is well settled that 'when parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms.'"). "This principle is based on the sound policy that favors predictability in the interpretation of commercial writings. If parties are properly to structure and plan their commercial activities, they must be able to rely upon the plain language of the agreements they sign." *Id.*

### B.   Extrinsic Evidence Related To The Products That Defendant Was Authorized To Sell Under the License Agreement Is Inadmissible At Trial

Where the parties have reduced their agreement to an integrated writing, the parol evidence rule operates to exclude evidence of all prior or contemporaneous negotiations, agreements or understandings offered to contradict, vary or modify the terms of their writing. *See, e.g., Adler & Shaykin v. Wachner,* 721 F .Supp. 472, 477 (S.D.N.Y. 1988) (excluding extrinsic evidence of prior or contemporaneous agreements and negotiations where agreement was fully integrated); *Norwest Fin., Inc. v. Fernandez,* No. 98 Civ. 6635, 1999 WL 946786 (S.D.N.Y. Oct. 19, 1999) (granting motion *in limine* to exclude parol evidence on the meaning and interpretation of certain section of purchase agreement).

Here, the License Agreement is fully integrated. Section 20.1 of the License Agreements makes clear that the agreement is the "entire agreement" of the parties and "supersedes all other statements, representations and agreements pertaining to such subject matter." (Diakos Decl. Ex. 1.) Section 15 of the License Agreement further provides that the License Agreement "may be amended only in writing

signed by both Parties." (Diakos Decl. Ex. 1). *See, e.g., Int'l Multifoods Corp. v. Comm. Union Ins. Co.,* 98 F. Supp. 2d 498, 503 (S.D.N.Y. 2000) (applying New York law). Since the License Agreement is unambiguous and fully integrated, extrinsic evidence of prior or contemporaneous negotiations, understandings or agreements regarding the products that Concept One was licensed to sell under the License Agreement cannot be introduced to vary or broaden the categories of Licensed Products set forth in the License Agreement.

Plaintiffs anticipate that Concept One will seek to present and admit extrinsic evidence, whether in the form of email or other written correspondence between the parties, or by way of witness testimony, to broaden the "Licensed Products" set forth in the License Agreement. The documentary evidence that Concept One will likely seek to admit is attached to the Declaration of Joanna Diakos as Exhibit 2.[2] This evidence and/or testimony should be precluded because it seeks to broaden the categories of products that Concept One was licensed to sell under the License Agreement, and in particular, to claim it had the right to sell bags under the License Agreement. As such it is barred under the parol evidence rule.

The intent of the parties as to what products Concept One was authorized to sell in 2007 appears within the four corners of the License Agreement. (Diakos Decl. Ex. 1.) There are no writings signed by both parties that modify the Licensed Products set forth in the License Agreement. Accordingly, any extrinsic evidence that purports to modify, alter or broaden the Licensed Products set forth in the License Agreement should be precluded at trial because the mere presentation of such evidence before a jury could cause confusion and undue prejudice.

---

[2] These documents are contained in Concept One's proposed trial exhibit list.

## II.    EVIDENCE OF SUBSEQUENT COMMUNICATIONS IS BARRED UNDER THE DOCTRINE OF INTEGRATION

As set forth above, Section 15 of the License Agreement provides that the agreement may be amended only in writing signed by both Parties. (Diakos Decl. Ex. 1.)  The License Agreement was never amended to add bags to the Licensed Products set forth in Exhibit B.  Therefore, the License Agreement is the controlling agreement and Concept One was not authorized to sell bags bearing the Corona trademarks under the License Agreement in 2007.

Notwithstanding that there was no legally enforceable amendment to the License Agreement, Concept One will likely seek to introduce certain email memoranda sent to licensees by Marcas Modelo subsequent to the execution of th License Agreement.  The documentary evidence that Concept One will likely seek to admit is attached to the Declaration of Joanna Diakos as Exhibit 3.  Some of these emails contained a chart that listed the Licensed Products for each of the authorized licensees in 2007.  (Diakos Decl. Ex. 3.)  These aforementioned charts incorrectly reflected the Licensed Products for Concept One as including bags.  These emails, which are not signed by either party and do not purport to modify the License Agreement, do not as a matter of law vary or broaden the Licensed Products set forth in the License Agreement.  However, the mere presentation of this evidence to the jury could cause confusion and undue prejudice.  Accordingly, the Court should enter an order precluding Concept One from presenting or introducing the documents and/or related testimony at trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion *in Limine* and enter an Order precluding Concept One from presenting any evidence at trial that attempts to modify, alter or broaden the Licensed Products set forth in the License Agreement, or that concerns the issue of whether Concept One was licensed to sell bags in 2007 under the License Agreement.

Dated: New York, New York
       August 1, 2008

                    Respectfully submitted,

                    K&L Gates LLP

                    By: _____
                        Darren W. Saunders (DS 0456)
                        Joanna A. Diakos (JD 7269)
                    599 Lexington Avenue
                    New York, NY 10022
                    Tel.:  (212) 536-3900
                    Fax:  (212) 536-3901

                    *Attorneys for Plaintiffs Cerveceria Modelo,*
                    *S.A. de C.V. and Marcas Modelo, S.A. de C.V.*