UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
CERVECERIA MODELO, S.A. DE C.V. and   :
MARCAS MODELO, S.A. DE C.V.,          :  Civil Action No. 07 CV 7998 (HB)
:
               Plaintiffs,         :
:  **PLAINTIFFS' MEMORANDUM OF**
  -against-                           :  **LAW IN OPPOSITION TO**
:  **DEFENDANT'S REQUEST TO**
USPA ACCESSORIES LLC d/b/a CONCEPT ONE :  **CONDUCT DEPOSITION OF THREE**
ACCESSORIES,                          :  **REPRESENTATIVES OF SPENCER'S**
:  **GIFTS LLC AFTER THE CLOSE OF**
               Defendant.          :  **FACT DISCOVERY FOR USE AT**
:  **TRIAL**

------------------------------------------------------------------X

      Plaintiffs Cerveceria Modelo, S.A. de C.V. ("Cerveceria Modelo") and Marcas Modelo, S.A. de C.V. ("Marcas Modelo") (together "Plaintiffs"), by their attorneys, submit this memorandum of law in opposition to Defendant USPA Accessories LLC d/b/a Concept One Accessories' ("Concept One" or "Defendant") motion to take the deposition of three representatives of Spencer's Gifts LLC ("Spencer's"), a non-party, on August 20, 2008, five days prior to the commencement of trial.

      Concept One's claim that Spencer's testimony is "crucial" to this case is belied by the fact that it waited to a month before trial to seek to take Spencer's deposition. Concept One has known since November 15, 2007, that a trial of this matter would take place in August. Concept One has also known since November that: (1) the Court would not change the trial month once it had been selected; and (2) the parties themselves expressed a preference that the trial go forward the last week of August.

      Concept One must also have known many months ago that the largest and most "important" trade show in the licensing industry, the MAGIC show, was scheduled to take place

the last week of August in Las Vegas. Similarly, Concept One, a regular attendee of the MAGIC show, must also have known that its customer, Spencer's, also planned to attend the MAGIC show. Therefore, Concept One's claim that it did not depose representatives of Spencer's during the fact discovery period because it thought that they would be available to testify live at trial should be rejected by the Court. (*See* Declaration of Ira Tokayer ("Decl. Tokayer") ¶ 10.)

Concept One made the tactical decision not to depose representatives of Spencer's during the period for fact discovery. Its decision to unilaterally reopen fact discovery and serve three representatives of Spencer's with Subpoenas one month before trial should not be permitted. *Dodson v. CBS Broad. Inc.*, No. 02 Civ. 9270, 2005 U.S. Dist. LEXIS 30126, at *3-4 (S.D.N.Y. Nov. 29, 2005); *Playboy Enters. Int'l Inc. v. On Line Entm't, Inc.*, No. 00 Civ. 6618(RJD), 2003 WL 1567120, at *1 (E.D.N.Y. Mar. 13, 2003) (quashing subpoenas where "plaintiffs took it upon themselves to serve subpoenas, without prior application to the Court, months after discovery closed, little more than a month before trial, upon a non-party from whom discovery was never before sought."); *Santa Ana v. Industrial Bank of Japan*, 1994 U.S. Dist. LEXIS (S.D.N.Y. 1994) (denying plaintiff's request for a deposition scheduled after the date set for the close of discovery).

Moreover, at least one of the individuals that Concept One seeks to depose, Mr. Silverstein, was never disclosed to Plaintiffs in Defendant's initial disclosures, supplements thereto, or in Defendant's responses to Plaintiffs' Interrogatories. Therefore, his testimony should be precluded on that basis as well. *See, e.g., Pal v. New York University*, 2008 U.S. Dist. Lexis 52620 (S.D.N.Y. 2008) (precluding any use of witness testimony because defendant failed to identify the witness in its initial disclosures or in any timely supplemental disclosures).

Importantly, taking the depositions of representatives of Spencer's only five days before trial will interfere with Plaintiffs' trial preparation. This is especially true in light of the fact that other depositions are scheduled to take place on August 14 and 15. These depositions are in addition to the depositions that Plaintiffs have noticed of Defendant's expert, as well as of certain 30(b)(6) witnesses.[1] Allowing Defendant at this late date to depose three representatives of Spencer's will unfairly prejudice Plaintiffs.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Concept One's motion to depose three representatives of Spencer's Gifts LLC prior to trial.

Dated: New York, New York
August 11, 2008

Respectfully submitted,

K&L Gates LLP

By: _____
Darren W. Saunders (DS 0456)
Joanna A. Diakos (JD 7269)
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 536-3900
Fax: (212) 536-3901

*Attorneys for Plaintiffs Cerveceria Modelo, S.A. de C.V. and Marcas Modelo, S.A. de C.V.*

---

[1] Magistrate Judge Dolinger ordered that Plaintiffs may depose Defendant's expert after Defendant has deposed Mr. Perez. The additional 30(b)(6) depositions have been necessitated by Defendant's recent production of new sales information and profit & loss information.