UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                        :

CERVECERIA MODELO, S.A. DE C.V. and
MARCAS MODELO, S.A. DE C.V.,

                            Plaintiffs,

    -against-

USPA ACCESSORIES LLC d/b/a CONCEPT ONE
ACCESSORIES,

                          Defendants.

------------------------------------------------------------X

Civil Action No. 07 CV 7998 (HB)

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO
PRECLUDE TESTIMONY OF
PLAINTIFFS' EXPERT WITNESS
RONALD G. VOLLMAR**

Plaintiffs Cerveceria Modelo, S.A. de C.V. and Marcas Modelo, S.A. de C.V. (together "Plaintiffs") hereby submit this Opposition to Defendant's Motion to Preclude Testimony of Plaintiffs' Expert Witness Ronald G. Vollmar as set forth in the Declaration of Ira Daniel Tokayer dated August 4, 2008.

Defendant's motion should be denied because Concept One did not provide Plaintiffs with the information necessary for Plaintiffs' expert to complete his report until July 29 and July 30, 2008. In particular, and as Defendant neglects to inform the Court, the sales information that Defendant originally produced in this litigation under oath was incomplete and inaccurate as it failed to account for more than $700,000 in sales of Corona-branded goods in 2007. As soon as Plaintiffs' expert informed Plaintiffs' counsel that the information produced by Concept One in response to Plaintiffs' First Set of Interrogatory Requests was incomplete, Plaintiffs' counsel wrote to Defendant's counsel and requested that correct sales information be immediately produced. (Diakos Decl. ¶ 3, Ex. A.) Defendant provided revised sales information to Plaintiffs

on July 29, 2008. (Diakos Decl. ¶ 4, Ex. B.) This revised sales report confirmed what Plaintiffs suspected – Defendant's earlier report failed to account for more than $700,000 in sales.

In addition, despite Plaintiffs' repeated requests over the course of several months that Defendant produce its supplemental damages calculation and claimed costs and deductions, Defendant did not produce that information until July 29, 2008 and July 30, 2008, respectively. (Diakos Decl. ¶ 5, Exs. C.)

Plaintiffs' expert was retained for two primary purposes: (1)  to rebut improperly claimed costs and deductions by Concept One on profits of sales of unauthorized/unapproved Corona-branded products in 2007; and (2) to rebut Concept One's damage theories on its counterclaims. With regard to number 1, Defendant has long known that Plaintiffs are seeking an accounting of profits under their Lanham Act claims.[1]  Under the Lanham Act, a successful plaintiff who seeks an accounting of profits need only demonstrate defendant's total sales.  The burden then shifts to the defendant to prove all elements of costs or deductions claimed.  15 U.S.C. § 1117.  Despite numerous demands, Defendant only provided the cost information on July 30, 2008, in the form of Profit and Loss statements and a chart prepared by Defendant's CFO purporting to show Concept One's costs and deductions on its sales of unauthorized and/or unapproved Corona-branded goods in 2007.[2]  Plaintiffs' expert immediately analyzed the information and provided his preliminary analysis in his expert report served on August 1, 2008.  Accordingly, Defendant's claim that Plaintiffs' expert report was belatedly served (*see* Tokayer Decl. ¶ 6), should be rejected.

Similarly, with respect to rebuttal of Defendant's damage theories on its counterclaims, Plaintiffs had been awaiting Defendant's claimed damage calculations for many weeks before it

---

[1] Indeed, Plaintiffs' specifically requested an accounting of profits in their prayer for relief in the Complaint.
[2] Plaintiffs first requested cost information in its First Set of Document Requests to Defendant dated November 30, 2007.  (Diakos Decl. ¶ 7, Ex. D.)

was finally produced on July 29, 2008. (Diakos Decl. ¶ 5, Ex. C.) Clearly, Plaintiffs' expert could not analyze and rebut Defendant's damage theories until he had actually received Defendant's damage calculations. Since Plaintiffs' expert prepared his expert report immediately after receiving the requisite information from Defendant, and since Plaintiffs promptly served the report on August 1, 2008, Defendant cannot now be heard to claim that it is suffering any prejudice. Moreover, any potential prejudice to Defendant can be cured by allowing it to depose Mr. Vollmar prior to trial if Concept One believes it is necessary. *See, e.g., Cartier, Inc. v. Four Star Jewelry Creations, Inc.,* 01 Civ. 11295, 2003 U.S. Dist. LEXIS 19417, at *4 (S.D.N.Y. Oct. 30, 2003) (denying motion to exclude expert report and possible testimony as untimely under Federal Rules where no prejudice or bad faith shown); *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.,* 94 Civ. 5587, 2002 U.S. Dist Lexis 23829, at *13 (S.D.N.Y. Dec. 11, 2002) (denying motion to exclude expert rebuttal testimony as untimely because potential prejudice to defendant was "curable" by allowing deposition prior to trial).

For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Preclude the Testimony of Plaintiff's Expert Witness, Ronald G. Vollmar.

Dated: New York, New York
        August 11, 2008

Respectfully submitted,

K&L Gates LLP

By: _____
    Darren W. Saunders (DS 0456)
    Joanna A. Diakos (JD 7269)
    599 Lexington Avenue
    New York, NY 10022
    Tel.: (212) 536-3900
    Fax: (212) 536-3901

*Attorneys for Plaintiffs.*