UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                 :

CERVECERIA MODELO, S.A. DE C.V. and      :
MARCAS MODELO, S.A. DE C.V.,           :

                         : Civil Action No. 07 CIV 7998 (HB)

                Plaintiffs,      :

     -against-                   :

USPA ACCESSORIES LLC d/b/a CONCEPT ONE   :
ACCESSORIES,                    :

                Defendants.      :
---------------------------------------------------------------X

## <u>PLAINTIFFS' PROPOSED REQUESTS TO CHARGE</u>

Plaintiffs Cerveceria Modelo, S.A. de C.V. ("Cerveceria Modelo") and Marcas Modelo,

S.A. de C.V. ("Marcas Modelo") (together, "Plaintiffs"), by their attorneys, K&L Gates LLP,

respectfully submit their proposed jury instructions. Plaintiffs reserve the right to propose,

withdraw, and/or modify these instructions prior to the jury being charged.

Dated: New York, New York
        August 11, 2008

                        Respectfully submitted,

                        K&L GATES LLP

                        By: _Joanna A. Diak_____
                           Darren W. Saunders (DS 0456)
                           Joanna A. Diakos (JD 7269)
                        599 Lexington Avenue
                        New York, NY 10022
                        Tel: (212) 536-3900
                        Fax: (212) 536-3901

                        *Attorneys for Plaintiffs Cerveceria Modelo, S.A. de*
                        *C.V. and Marcas Modelo, S.A. de C.V.*

# Table of Contents

**Page**

I.      GENERAL INSTRUCTIONS ........................................................................ 2

1.      Role Of The Court ................................................................................... 2

2.      Role Of The Jury .................................................................................... 3

3.      Juror Oath .............................................................................................. 5

4.      Race, Religion, National Origin, Sex And Age .......................................... 6

5.      Sympathy ................................................................................................ 7

6.      What Is And Is Not Evidence ................................................................... 8

7.      Direct And Circumstantial Evidence ....................................................... 10

8.      Inference ................................................................................................ 11

9.      Deposition Testimony .............................................................................. 12

10.     Witness Credibility ................................................................................. 13

11.     Impeachment – Inconsistent Statements or Conduct ................................ 15

12.     Opinion Testimony ................................................................................. 16

13.     Conflicting Opinion Testimony ............................................................... 17

14.     Consideration Of The Evidence – Corporate Party's Agents And .............. 18

        Employees .............................................................................................. 18

15.     Burden Of Proof ..................................................................................... 19

II.     PLAINTIFFS' CLAIMS .......................................................................... 21

16.     Trademark Infringement (Count I) - Introduction .................................... 21

17.     Definition Of A Trademark ..................................................................... 22

18.     Good Will ............................................................................................... 23

19.   Obtaining A Trademark ............................................................................ 24

20.   Owner Of A Trademark ............................................................................ 25

21.   Registration Of A Trademark And Presumption Of Validity............................ 26

22.   Trademark License Defined........................................................................ 28

23.   Use by Licensee of Licensed Marks Inures to Benefit of Trademark Owner ................. 29

24.   Rights of Licensor to Control the Uses of Licensed Marks............................ 30

25.   Infringement -- Elements ........................................................................ 31

26.   Validity ................................................................................................ 32

27.   Ownership ............................................................................................ 33

28.   Likelihood of Confusion .......................................................................... 34

29.   Confusion as to Sponsorship.................................................................... 35

30.   Sales by a Licensee of Unauthorized Products ............................................ 36

31.   Sales by a Licensee of Unapproved Products .............................................. 37

32.   Continued Use of Licensed Trademark After Termination of License Agreement.......... 38

33.   Determination of Trademark Infringement.................................................. 39

34.   Unfair Competition – False Designation of Origin and False Descriptions and
      Representations (Count II)........................................................................ 40

35.   Unfair Competition – False Advertising Under Section 43(a) (Count III)...................... 41

36.   Common Law Trademark Infringement (Count IV) ...................................... 42

37.   Common Law Unfair Competition (Count V)................................................ 43

38.   Injury To Business Reputation And Dilution (Count VI)................................ 44

39.   Consumer Protection from Deceptive Acts and Practices (Count VII) ...................... 46

40.   Willful Infringement ................................................................................ 48

41.    Damages -- General Damages ................................................................. 49

42.    Accounting of Profits – Willfulness ....................................................... 50

43.    Punitive Damages ................................................................................. 52

44.    Breach of Contract Claims (Count VIII & IX) – Elements .............................. 53

45.    The Provisions of the License Agreement .............................................. 54

46.    Performance Or Non-Performance Of The Contract Terms........................ 56

47.    Damages................................................................................................ 58

III.    DEFENDANT'S COUNTERCLAIMS .................................................... 59

48.    Breach of Contract/Breach of the Implied Covenant of Good Faith and Fair Dealing

       (Counterclaim I)................................................................................... 59

49.    Law Does Not Permit Breach By One Party In Response To Breach    By The Other ... 61

50.    Damages for Breach of Contract............................................................ 62

51.    Tortious Interference with Contract (Counterclaim III) – Elements ................ 63

52.    Requirement of Valid Contract.............................................................. 65

53.    Requirement of Breach of Contract ....................................................... 66

54.    Requirement of Knowledge .................................................................. 67

55.    Requirement of Intent .......................................................................... 68

56.    Requirement of Interference Without Justification.................................. 69

57.    Negating Justification ........................................................................... 71

58.    The Causation Requirement.................................................................. 72

59.    The Damages Requirement.................................................................... 73

## I.     GENERAL INSTRUCTIONS

### 1.     Role Of The Court

My duty at this point is to instruct you as to the law.  You have now heard all of the evidence in this case as well as the final arguments of the lawyers for the parties.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant for your consideration.

On the legal matters, you must take the law as I give it to you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any view of the law other than that which I gave you.

---

Authority:     adapted from 4 Hon. Leonard B. Sand, et al. (hereinafter "Sand"), *Modern Federal Jury Instructions* ¶ 71.01, Instr. 71-2 (2008).

2.    **Role Of The Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What lawyers have said in their opening statements, in their closing arguments, in their objections or in their questions is not evidence.  Nor is what I may have said—or what I may say in these instructions—about a fact issue, evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer that is evidence.  However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judge of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs or the Defendant have proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and were not intended to suggest any opinions on my part as to the verdict you should render, or as to whether any of the witnesses may have been more credible than any other witnesses.  You are to expressly understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice.

_____

Authority:        adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 71.01, Instr. 71-3.

3.    **Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

_____

Authority:        adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 71.01, Instr. 71-4.

### 4.    Race, Religion, National Origin, Sex And Age

Your verdict must be based solely upon evidence developed at the trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex, or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through fair and impartial consideration of the evidence.

_____

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 71.01, Instr. 71-9.

5.    **Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict based on the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

---

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 71.01, Instr. 71-10.

6.    **What Is And Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement, which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question, of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. In addition, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instruction I have given.

Arguments by lawyers are not evidence, because lawyers are not witnesses. What they have said to you in their opening statements and in their summations are intended to help you understand the evidence and reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Exhibits that have been marked for identification may not be considered by you as evidence until and unless they have been received into evidence by the court.

To constitute evidence, exhibits must be received into evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

I have taken judicial notice of certain facts that are not subject to reasonable dispute.  I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching your verdict.

A stipulation of the facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

_____

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 74.01, Instr. 74-1, 74-3, 74-4.

### 7.    Direct And Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of the senses—something that was seen, felt, touched, or heard.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. But on the combination of facts, which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

――――――――――――――――――

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 74.01, Instr. 74-2.

8.    **Inference**

During the trial you have heard the attorneys use the term "inference," and in their arguments, they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiffs ask you to draw one set of inferences, while the Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw –but not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should use and rely upon your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

-----

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 75.01, Instr. 75-1.

9.    **Deposition Testimony**

Some of the testimony before you is in the form of depositions that have been read to you and received in evidence.

A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court reporter prior to trial.  This is part of the pretrial discovery and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

---

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 74.07, Instr. 74-14.

10.    **Witness Credibility**

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did the witness appear frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was the witness's demeanor— that is, the witness's carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness or probability of the witness's

testimony, and its consistency or lack of consistency and its corroboration or lack of

corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in

light of his or her demeanor, the explanations given and all of the other evidence in the case.

Always remember that you should use your common sense, your good judgment and your own

life experience.

---

Authority:       adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 76.01, Instr. 76-
1.

### 11.    Impeachment – Inconsistent Statements or Conduct

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to disregard such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reasons.

――――――――――――――

Authority:    Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*, § 73.09, pp. 54-55.

12.    **Opinion Testimony**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision of the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of facts in this case rests solely with you.

---

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 76.01[2], Instr. 76-9.

13.    **Conflicting Opinion Testimony**

You have heard testimony of witnesses who have been called by both sides to give opinions about various issues in dispute.

The witnesses who testified in this case did so in order to assist you in reaching a decision.

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of facts and their testimony relates to a question of fact. It is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for each opinion and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in light of all the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment and common sense.

---

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 76.01[2], Instr. 76-10.

14.    **Consideration Of The Evidence – Corporate Party's Agents And Employees**

When a corporation is involved, of course, it may act only through natural persons, agents or employees.  And, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

———————————————————

Authority:    Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*, § 71.09.

15.    **Burden Of Proof**

Plaintiffs have the burden of proving every disputed element of their claims to you by a preponderance of the evidence.

Similarly, Defendant has the burden of proving every disputed element of its counterclaims to you by a preponderance of the evidence.

If you conclude that Plaintiffs or Defendant have failed to establish their claims and/or counterclaims by a preponderance of the evidence, you must decide against them on the issue you are considering.

What does "a preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right— then you must decide that issue against the party asserting the claim. That is because the party asserting the claim must prove more than simple equality of evidence—they must prove the element at issue by a preponderance of the evidence. On the other hand, the party asserting the claim need prove no more than a preponderance. As long as you find that the evidence tips, however slightly, in favor of the party asserting the claim—that what that party claims is more

likely true than not true—then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

---

Authority:     adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 73.01, Instr. 73-2.

## II.    PLAINTIFFS' CLAIMS

### 16.    Trademark Infringement (Count I) - Introduction

This case involves the use of words and symbols known as trademarks.  Plaintiffs Cerveceria Modelo and Marcas Modelo have asserted three trademark-related claims under federal law and four trademark-related claims under New York State law.  I will explain the elements of each claim in turn, but first I will give you some background regarding what a trademark is, why trademarks are protected under the law, and what it means to own a trademark.

_____

Authority:    adapted from 4 Sand, *Modern Federal July Instructions* ¶ 86A.02, Instr. 86A-8.

17.     **Definition Of A Trademark**

The term "trademark" includes any word, name, symbol or device or any combination thereof, adopted and used by a person to identify and distinguish its goods from those manufactured or sold by others.

The main function of a trademark is to identify and distinguish goods as the product of a particular person and to symbolize the goodwill of a business.

Cerveceria Modelo, Marcas Modelo and Concept One are "persons" as that term is used in these instructions.

_____

Authority:     15 U.S.C. §§ 1127, 1129; adapted from 4 Sand, *Modern Federal Jury Instructions* ¶ 86A.01, Instr. 86A-1.

18.    **Good Will**

A trademark represents the good will possessed by a business.

Good will is an intangible asset that is closely tied to a company's reputation and is acquired over time.  It is the good will of a business that attracts and maintains customers.

_____

Authority:    1 J. McCarthy, *McCarthy on Trademarks and Unfair Competition* § 2.20 (4th ed. 2008) (hereinafter "McCarthy").

19.  **Obtaining A Trademark**

A person acquires a trademark by using the trademark on or in connection with goods in

the marketplace.

_____

Authority:      *Aini v. Sun Taiyan Co., Ltd.,* 964 F. Supp. 762, 773 (S.D.N.Y. 1997);
*McCarthy* § 19.3; 3A O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions,* § 159.02
(Civil) (5th ed. 2001) (hereinafter "FJPI").

20.     **Owner Of A Trademark**

When a person has established a trademark right by using that mark on or in association with its goods before anyone else, the right to use it becomes an exclusive right, and the mark is that person's property.  No other person can use the same or similar names or symbols in any way that would be likely to cause confusion, mistake or deception regarding the source or sponsorship of the goods without the consent of the trademark owner.

---

Authority:     15 U.S.C. §§ 1114(1), 1115(a), 1065; FJPI § 159.29; 4 Sand, *Modern Federal Jury Instructions* ¶ 86A.01, Instrs. 86A-2, 86A-6.

21.    **Registration Of A Trademark And Presumption Of Validity**

The owner of a mark may obtain a certificate of registration issued by the United States Patent and Trademark Office. A certificate of registration of a trademark constitutes evidence of the validity of the registered trademark, of the registrant's ownership of the trademark and of the registrant's exclusive right to use the trademark in commerce on or in connection with the goods specified in the certificate of registration.

In this case, the plaintiff, Cerveceria Modelo, owns the following trademarks that have been registered in the United States Patent and Trademark Office:

U.S. Trademark Registration No. 1,681,366 (Corona (stylized) for beer);

U.S. Trademark Registration No. 1,681,365 (Corona Extra (stylized) for beer);

U.S. Trademark Registration No. 1,689,218 (Corona & design for beer);

U.S. Trademark Registration No. 1,729,694 (Corona Extra & design for beer);

U.S. Trademark Registration No. 1,495,289 (La Cerveza Mas Fina & design for beer);

U.S. Trademark Registration No. 2,489,708 (Corona Extra & design for clothing);

U.S. Trademark Registration No. 2,489,709 (Corona & design for clothing);

U.S. Trademark Registration No. 2,489,710 (Corona (stylized) for clothing);

U.S. Trademark Registration No. 2,489,711 (Corona Extra (stylized) for clothing);

U.S. Trademark Registration No. 1,828,343 (La Cerveza Mas Fina & design for clothing);

U.S. Trademark Registration No. 2,406,232 (Corona Light & design for alcoholic beverages);

U.S. Trademark Registration No. 1,727,969 (Corona Light & design for alcoholic beverages);

U.S. Trademark Registration No. 2,702,882 (Corona Extra for sporting goods);

U.S. Trademark Registration No. 2,776,010 (Corona Extra (stylized) for sporting goods);

U.S. Trademark Registration No. 2,600,236 (Corona Extra for certain online retail store services).

---

Authority:      15 U.S.C. § 1057(b).

22.    **Trademark License Defined**

As I just instructed you, Plaintiff Cerveceria Modelo is the owner of the CORONA trademarks.  Concept One had a non-exclusive, limited license to use the CORONA trademarks in connection with the sale of certain goods.  Concept One does not have and did not have any other rights, including ownership rights, to the CORONA trademarks.

_____

Authority:    adapted from 4 Sand, *Modern Federal Jury Instructions,* Instr. 86A-4.

23.    **Use by Licensee of Licensed Marks Inures to Benefit of Trademark Owner**

Because a licensee does not own the trademarks that it is permitted to use under a license, all use of the trademarks by the licensee inures to the benefit of the trademark owner.  That is, any goodwill or other intangible benefits created by the licensee's use of the trademarks belongs to the owner of the trademarks.

_____

Authority:      15 U.S.C. § 1055.

24.    **Rights of Licensor to Control the Uses of Licensed Marks**

The law provides that a trademark owner/licensor who licenses its trademarks has the

exclusive right to control the manner in which the licensed trademarks are used by the licensee in

connection with the sale of licensed products and any advertising related thereto.

———————————————

Authority:    15 U.S.C. § 1127; *See, e.g., El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 395 (2d Cir. 1986) ("One of the most valuable and important protections afforded by the Lanham Act is the right to control the quality of the goods manufactured and sold under the holder's trademark.").

25.    **Infringement -- Elements**

Plaintiffs' first claim in this case is for trademark infringement under the Trademark Act of 1946.  A registered trademark is infringed when person uses it in a manner likely to cause confusion, mistake, or deception as to the source or sponsorship of the products among purchasers.  The test is not one of actual confusion, mistake, or deception.  Rather, Plaintiffs are required only to prove a likelihood of confusion, mistake, or deception.

In order to establish trademark infringement, Plaintiffs have the burden of proving each of the following by a preponderance of the evidence:

First: the CORONA trademarks are valid and protectable;

Second: Cerveceria Modelo is the owner of the CORONA trademarks;

Third: Concept One used the CORONA trademarks without the consent of Cerveceria Modelo or its authorized United States licensor, Marcas Modelo, in a manner that is likely to cause confusion, mistake or deception.

You do not have to find that Concept One intended to deceive or confuse anyone in order to find that it has infringed Cerveceria Modelo's CORONA trademarks – a person may infringe a trademark regardless of whether it knew it was doing so or intended to do so.

_____

Authority:    15 U.S.C. § 1114(1), FJPI § 159.20; Ninth Circuit Model Jury Instructions, § 15.5 (2007 ed.).

26.    **Validity**

Concept One has not presented any evidence to challenge the validity of the CORONA trademarks.  Since the CORONA trademarks are registered in the U.S. Patent and Trademark Office, they are presumed to be valid.  Therefore, I instruct you to find that the CORONA trademarks are valid.

---

Authority:    15 U.S.C. § 1115(a).

27.   **Ownership**

Concept One has not contended that plaintiff Cerveceria Modelo is not the lawful owner of the CORONA trademarks.  Since Cerveceria Modelo is the registrant of the CORONA trademarks in the United States, I instruct you to find that plaintiff Cerveceria Modelo is the owner of the CORONA trademarks.

---

Authority:     15 U.S.C. § 1057(b).

28.     **Likelihood of Confusion**

A likelihood of confusion arises when an appreciable number of ordinary consumers are likely to mistakenly believe that the Defendant's products are made, sponsored or endorsed by the trademark owner.

———————————————————

Authority:     15 U.S.C. § 1114(1).

29.    **Confusion as to Sponsorship**

In this case, Plaintiffs contend that Concept One's use of the CORONA trademarks has created a likelihood of confusion as to sponsorship, that is, a likelihood that purchasers will believe that Cerveceria Modelo or Marcas Modelo approved of Concept One's use of the CORONA trademarks on Concept One's products. If you find that it is likely that purchasers have believed or will believe that Cerveceria Modelo or Marcas Modelo approved of Concept One's use of the CORONA trademarks, when in fact they had not done so, then you should find that Plaintiffs have demonstrated a likelihood of confusion.

--------

Authority:    *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 205 (2d Cir. 1970).

30.    **Sales by a Licensee of Unauthorized Products**

The sale by a licensee of unauthorized products, that is, products which are outside the scope of the license, is likely to confuse the public into believing that such products are in fact manufactured or authorized by the trademark owner.  Such conduct constitutes trademark infringement.

If you find that Concept One sold CORONA-branded goods that were not authorized by Cerveceria Modelo or Marcas Modelo, then you must find for Plaintiffs on their claim for infringement of registered trademarks.

---

Authority:    *Murjani Int'l, Ltd. v. Sun Apparel, Inc.*, No. 87 Civ. 4628, 1987 U.S. Dist. LEXIS 6942 (S.D.N.Y. July, 31, 1987); *Baskins-Robbins Ice Cream v. D&L Ice Cream,* 576 F. Supp. 1055 (E.D.N.Y. 1983) ("The sale by a licensee of unauthorized products, i.e., products outside the scope of the license, is likely to confuse the public into believing that such products are in fact manufactured or authorized by the trademark owner.  Thus, such conduct constitutes trademark infringement.").

31.    **Sales by a Licensee of Unapproved Products**

The sale by a licensee of unapproved products, that is, products that were not expressly

approved by the licensor under the terms of the license agreement, is likely to confuse the public

into believing that such products are in fact manufactured or authorized by the trademark owner.

Such conduct constitutes trademark infringement.

———————————————

Authority:    *El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 396 (2d
Cir. 1986) (reversing lower court's decision and finding that plaintiff was entitled to entry of an
injunction under the Lanham Act where the defendant had sold products without the plaintiff's
consent).

32.    **Continued Use of Licensed Trademark After Termination of License Agreement**

The continued use by a person of a licensed trademark after the license agreement has been terminated constitutes trademark infringement.

If you find that Concept One continued to manufacture, sell, offer for sale or distribute products bearing the CORONA trademarks after the License Agreement was terminated, and that the termination of the license agreement was valid, you should find for Plaintiffs on their claim for infringement of registered trademarks.

---

Authority:    *Gorenstein Enter., Inc. v. Quality Care-USA, Inc.,* 874 F.2d 431, 436 (7th Cir. 1989) (franchisee who knowingly and deliberately continued to use the trademark after franchise was terminated, guilty of infringement); *Professional Golfer's Ass'n v. Bankers Life & Casualty Co.,* 514 F.3d 665, 669-70 (5th Cir. 1975) (general rule is that, upon termination of license, a "licensee's right to the mark ends, and any subsequent use constitutes infringement"); *Southland Corp. v. Froelich,* 41 F. Supp. 2d 227, 243 (E.D.N.Y. 1999) (holding that where the alleged unauthorized user of the trademark continues to use the identical, previously licensed trademark after revocation of the license, likelihood of confusion is established); *Murjani Int'l, Ltd. v. Sun Apparel, Inc.,* No. 87 Civ. 4628, 1987 U.S. Dist. LEXIS 6942 (S.D.N.Y. July, 31, 1987) ("common sense compels the conclusion that a strong risk of consumer confusion arises where a terminated [licensee] continues to use the former [licensor's] trademarks"); 4 McCarthy's § 25.31 (use of mark by ex-licensee is trademark infringement); *see also Franchised Stores of New York, Inc. v. Winter,* 394 F.2d 664 (2d. Cir. 1968) (holding that trademark owner can succeed in trademark infringement action against one who is still his licensee).

33.    **Determination of Trademark Infringement**

Since I have instructed you to find that Cerveceria Modelo is the owner of the CORONA

trademarks, and that the CORONA trademarks are valid, you need only consider whether

Plaintiffs have proven a likelihood of confusion by a preponderance of the evidence.  If you find

that Plaintiffs have demonstrated a likelihood of confusion, then you should find for Plaintiffs on

their claim of infringement of registered trademarks.

_____

Authority:     15 U.S.C. § 1114(1).

34.    **Unfair Competition – False Designation of Origin and
False Descriptions and Representations (Count II)**

Plaintiffs have also brought a claim against Concept One for unfair competition based on

a section of a federal statute known as Section 43(a) of the Lanham Act.  To establish a violation

of Section 43(a) of the Lanham Act, Plaintiffs must prove that their trademarks are so associated

with their goods and services that the use of the same marks by Concept One without Plaintiffs'

authorization constitutes a false representation that Concept One's goods come from the same

source, or are affiliated with or sponsored by Cerveceria Modelo or Marcas Modelo.

Plaintiffs must prove a likelihood of confusion as to the source, sponsorship, approval or

affiliation of the goods.  In determining whether there is a likelihood of confusion, you may

consider the legal principles I explained to you in connection with Plaintiffs' claims of

infringement of their registered trademarks.  If you believe that Plaintiffs have proven these

elements, in other words, that Plaintiffs have proven a likelihood of confusion, you should find

for Plaintiffs as to this claim.  If you believe that Plaintiffs have not proven these elements, in

other words, that Plaintiffs have not proven a likelihood of confusion, you should find for

Concept One as to this claim.

-------------------------------------

Authority:    15 U.S.C.A. § 1125(a); FJPI § 159.26; JIIPC 30:27:21.

-40-

35.    **Unfair Competition – False Advertising Under Section 43(a) (Count III)**

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --

(a)    is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person; or

(b)    in commercial advertising or promotion, misrepresents the nature, characteristics or qualities of his or her goods, shall be liable for a violation of Section 43(a) of the Trademark Act.

Plaintiffs contend that the statement on hangtags affixed on Concept One's products that the product is "officially licensed by Marcas Modelo, S.A. de C.V." constitutes a violation of Section 43(a) of the Trademark Act.  If you find that the statement "officially licensed by Marcas Modelo, S.A. de C.V." is likely to cause confusion or mistake or to deceive as to the sponsorship or approval of Concept One's goods or that the statement "officially licensed by Marcas Modelo, S.A. de C.V." misrepresents the nature, characteristics or quality of Concept One's goods, then you should find for Plaintiffs on this claim.

---

Authority:    15 U.S.C. § 1125(a).

36.    **Common Law Trademark Infringement (Count IV)**

Plaintiffs have also brought a claim for common law trademark infringement. Because the standards are the same for trademark infringement under both federal and common law, if you find that Concept One has infringed Cerveceria Modelo's CORONA trademarks under the federal claim, you must also find that Concept One infringed Cerveceria Modelo's CORONA trademarks under the common law.

------------------------

Authority:    *Standard & Poor's Corp. v. Commodity Exch., Inc.,* 683 F.2d 704, 708 (2d Cir. 1982); *Tri-Star Pictures, Inc. v. Unger,* 14 F. Supp. 2d 339, 359 n. 18 (S.D.N.Y. 1998).

### 37.    **Common Law Unfair Competition (Count V)**

Plaintiffs have another claim under the common law, for unfair competition.  It has the same standards as the federal law unfair competition claims, with one additional requirement.  In order to find that Concept One has unfairly competed with Plaintiffs under the common law, you must first find that Concept One unfairly competed with Plaintiffs under the federal unfair competition law.  You must also find that Concept One acted with bad faith.

To find that Concept One acted in bad faith, you must find that Concept One sold goods bearing the CORONA trademarks that it knew had not been approved or authorized by Marcas Modelo or that Concept One continued to sell goods bearing the CORONA trademarks after its License Agreement had been properly terminated by Marcas Modelo.

--------------------------------------

Authority:    *Jeffrey Milstein, Inc. v. Greger Lawlor. Roth, Inc.,* 58 F.3d 27, 34-35 (2d Cir. 1995); *Deere & Co. v. MTD Holdings Inc.,* 2004 WL 324890, at *18 (S.D.N.Y. Feb. 19, 2004); *Hi-Tech Pharmacal Co., Inc. v. Hi-Tech Pharmaceuticals, Inc.,* 2007 WL 1988737, at * 11 (E.D.N.Y. July 5, 2007).

38.   **Injury To Business Reputation And Dilution (Count VI)**

Plaintiffs assert that Concept One violated New York's General Business Law § 360-1, injury to business reputation.

To establish a violation of N.Y. Gen. Bus. L. § 360-1, Plaintiffs must prove each of the following.

First:  That Cerveceria Modelo owns its CORONA marks and that the marks are distinctive.  A distinctive mark is a strong mark.  A strong trademark is a word or term that is arbitrary when applied to the goods offered.  Therefore, you should consider whether or not the word CORONA is an arbitrary word when used for beer.  If you find that CORONA is an arbitrary word for beer, then you should find that Corona is a distinctive trademark.

Second: That there is a likelihood of dilution in the form of tarnishment of Cerveceria Modelo's CORONA marks because of Concept One's unauthorized use of the CORONA marks.

In determining whether Concept One's use of the CORONA marks is likely to cause Cerveceria Modelo's CORONA marks to be diluted through tarnishment, a variety of factors should be considered, including the following.

(1) Whether Concept One's use of the CORONA marks is linked to Cerveceria Modelo's or Marcas Modelo's goods or services;

(2) Whether Concept One's CORONA-branded goods are of shoddy quality or are portrayed in an unwholesome or unsavory context; or

(3) Whether there is a resulting public association between the lack of quality or prestige of Concept One's CORONA-branded goods with Cerveceria Modelo's or Marcas Modelo's unrelated goods or services.

If you find after consideration of the foregoing factors that Concept One's use of the

CORONA marks is likely to cause Cerveceria Modelo's CORONA marks to be diluted through

tarnishment, you should find for Plaintiffs on this claim.

---

Authority:     N.Y. Gen. Bus. L. § 360-1; *Brennan 's Inc. v. Brennand's Rest., LLC,* 2003 U.S. Dist. LEXIS 3974, at *21 (S.D.N.Y. Mar. 17, 2003); *Federal Express Corp. v. Federal Espresso, Inc.,* 201 F.3d 168, 172 (2d Cir. 2000); *Atlantic Richfield Co. v. Arco Globus Int'l Co.,* 1997 U.S. Dist. LEXIS 9397, at *27 (S.D.N.Y. May 29, 1997).

39.    **Consumer Protection from Deceptive Acts and Practices (Count VII)**

Plaintiffs claim that Concept One violated Section 349(a) of New York's General

Business Statutes, which makes unlawful "[d]eceptive acts or practices in the conduct of any

business, trade or commerce or in the furnishing of any service in this state."

For a party to prevail on this claim you must find, by a preponderance of the evidence,

three elements: first, that the challenged act or practice was consumer-oriented; second, that it

was misleading in a material way; and third, that the Plaintiffs suffered injury as a result of the

deceptive act.  The deceptive practice must be likely to mislead a reasonable consumer acting

reasonably under the circumstances.  Although actual injury must be proven, there is no

requirement of monetary harm, reliance, or intent.

Plaintiffs contend that Concept One has engaged in deceptive practices by selling

Corona-branded products that were not approved and/or authorized by Marcas Modelo.

Plaintiffs further contend that Concept One has engaged in deceptive practices by representing to

retailers and consumers that its products were officially licensed by Marcas Modelo when they

were not.  Plaintiffs further contend that Concept One has engaged in deceptive practices by

continuing to sell Corona-branded goods after its license was terminated.

Plaintiffs claim that they have been injured by Concept One's misrepresentations to

retailers and consumers, in that Concept One has conveyed to them the impression that its sales

of Corona-branded goods were authorized or approved by Plaintiffs when in fact they were not,

and when in fact Plaintiffs had no control over the products sold to retailers and consumers by

Concept One.

You must determine whether Plaintiffs have proven, by a preponderance of the evidence,

that the conduct of Concept One was consumer-oriented; that it was misleading in a material

way; and that Plaintiffs suffered injury as a result of the deceptive act.  If you find that Plaintiffs

have proven these three elements by a preponderance of evidence, you must find in favor of

Plaintiffs on this claim.

_____

Authority:     N.Y.G.B.L. § 349; *Stutman v. Chemical Balk,* 95 N.Y.2d 24, 28-29,709 N.Y.S.2d 892,895 (2000); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Balk,* 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 532 (1995); *Bowmar Instrument Corp v. Continental Microsystems. Inc.,* 497 F. Supp. 947, 956 (S.D.N.Y. 1980).

40.    **Willful Infringement**

You need not find that Concept One acted willfully or intentionally in order to find it liable for trademark infringement, unfair competition under federal law, or injury to business reputation.

However, if you find that Concept One has infringed Cerveceria Modelo's CORONA trademarks or engaged in unfair competition, then you must determine whether Concept One's conduct was willful and deliberate, and not accidental or innocent.  Willful means to do an act voluntarily and intentionally and with the specific intent to cause likelihood of consumer confusion, to trade on Plaintiffs' reputation or to dilute Plaintiffs' trademark rights.

_____

Authority:      adapted from JIIPC §30:54:01.

41.    **Damages -- General Damages**

If you find for the Plaintiffs on Plaintiffs' trademark infringement or unfair competition

claims, you must determine Plaintiffs' damages.  Plaintiffs have the burden of proving damages

by a preponderance of the evidence.  Two kinds of damages can be considered in this case: (1)

compensatory damages, and (2) punitive damages.

In this case Plaintiffs are seeking an accounting of Concept One's profits on sales of

goods that Plaintiffs contend infringe their trademarks.  I will explain more about an accounting

of profits shortly.

The second form of damages, punitive damages consist of that amount of money awarded

by you that is not to be considered as compensation to the Plaintiffs for the wrong done, but that

instead serves as a punishment to Concept One and as a deterrent to others not to engage in such

conduct.

---

Authority:    4 Sand, *Modern Federal Jury Instructions* ¶ 86A-40, Instr. 86A-22.

42.    **Accounting of Profits – Willfulness**[1]

If you find for Plaintiffs on their claims of trademark infringement or their claims for

unfair competition, or any or all of those claims, you must determine whether Plaintiffs are

entitled to an award of damages.  Plaintiffs are requesting that you award them the profits that

Concept One took in by selling CORONA-branded goods that were not authorized or approved

by Marcas Modelo and the CORONA-branded goods that were sold after the License Agreement

was terminated.

*[To recover damages, Plaintiffs must show that Concept One's conduct was "willful" --*

*that is, that Concept One used the CORONA trademarks in bad faith or in reckless disregard of*

*Plaintiffs' CORONA trademark rights.  "Willfulness" does not necessarily mean that a*

*defendant specifically intended to infringe someone's trademark, or intended to compete*

*unfairly.  Instead, willfulness means that a defendant was aware of plaintiffs' trademark rights,*

---

[1] The italicized portion of this instruction is to be given if the Court determines that a finding of willfulness is required for an award of profits.  Congress amended Section 1117(a) of the Lanham Act in 1999 by replacing the language "or a violation under section 1125(a)" with the words "a violation under section 1125(a) [for trademark infringement] or (d) [for unfair competition] or a **willful** violation under section 1125(c) [for dilution] . . . ." See Pub. L. No. 106-43, § 3(b), 113 Stat. 219 (Aug. 5, 1999) (emphasis added).  Since the 1999 Amendments to the Lanham Act, some courts have held that a finding of willfulness is no longer required to award an accounting of profits on a trademark infringement or unfair competition claim. *See, e.g., Cartier v. Aaron Faber, Inc.,* 512 F. Supp. 2d 165 (S.D.N.Y. 2007) (denying summary judgment motion on damages and finding that the "plain language of the statue, therefore, indicates that wilfulness is not a prerequisite for an award of damages under § 1125(a)"); *Nike, Inc. v. Top Brand Co.,* No. 00 Civ. 8179, 2005 WL 1654859, *8 (S.D.N.Y. July, 13, 2005) (interpreting language of statute and finding that "willfulness is not a prerequisite to recovery of profits for violations under Section 1125(a)"  In particular, the Third, Fifth, Seventh and Eleventh Circuit Courts of Appeals agree with the *Nike* and *Cartier* case approach and reject a prerequisite finding of "willfulness" before permitting recovery of damages for an alleged infringer's illegal conduct. *See, e.g., Banjo Buddies, Inc. v. Renosky,* 399 F.3d 168, 174-75 (3d Cir. 2005) (holding that willfulness is not a prerequisite to an award of infringer's profits and holding that its prior precedent has been superseded by the 1999 amendment); *Quick Techs., Inc. v. Sage Group PLL,* 313 F.3d 338, 347-9 (5th Cir. 2002) (declining to adopt a bright line rule in which a showing of willful infringement is a prerequisite to an accounting of profits); *Burger King v. Mason,* 855 F. 2d 779, 781 (11th Cir. 1988) ("Nor is an award of profits…dependent upon a higher showing of culpability on the part of defendant, who is purposely using the trademark.); *Roulo v. Russ & Berrie & Co., Inc.,* 886 F.2d 931, 941 (7th Cir. 1989) ("Other than general equitable considerations, there is no express requirement…that the infringer willfully infringe the trade dress to justify an award of profits.").   Plaintiffs are prepared to fully brief this issue if the Court requires.

*but chose to act in a way that shows the defendant recklessly disregarded those rights.*

If you find that Concept One has engaged in trademark infringement or unfair competition, [*and that its conduct was willful*] using the instructions I have given you, then you may award Plaintiffs damages equal to the profits Concept One earned during the time of its infringement or unfair competition.

Profit is determined by deducting certain expenses from gross revenue. Gross revenue is all of Concept One's receipts from the sale of infringing product. Plaintiffs have the burden of proving Concept One's gross receipts by a preponderance of the evidence.

Expenses are certain costs incurred in manufacturing the infringing products. Concept One has the burden of proving these expenses. Concept One must prove each of these expenses by a preponderance of the evidence.

------------------------

Authority:    *George Basch Co., Inc. v. Blue Coral, Inc.,* 968 F.2d 1532, 1537 (2d Cir. 1992); *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,* 145 F.3d 481, 493 (2d Cir. 1998); *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger. U.S.A., Inc.,* 146 F.3d 66, 71-72 (2d Cir. 1998); 4 Sand, *Modern Federal Jury Instructions* ¶ 86A.04, Instr. 86A-24.

43.   **Punitive Damages**

In addition to the damages that I have mentioned, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.  Here, Plaintiffs are seeking an award of punitive damages against Concept One based on what they claim was intentional and deliberate unfair competition and infringement and a reckless disregard of their trademark rights.

If you find that Concept One acted with actual malice, *i.e.,* an evil-minded act, or with wanton and willful disregard for the rights of the Plaintiffs - in other words a deliberate act with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of the act, then you may, but are not required to, award Plaintiffs punitive damages, if you find it is appropriate to punish Concept One or to deter Concept One and others from like conduct in the future.  Whether to award Plaintiffs punitive damages, and the amount of those damages, is within your discretion.

I instruct you that in order for punitive damages to be awarded, exceptional circumstances must be found to exist.  If you decide to award punitive damages, you must use sound reasoning in determining the amount of damages.  The amount of an award of punitive damages must not reflect bias, prejudice or sympathy toward any party.

---

Authority:      adapted from New York Pattern Jury Instructions ("NYPJI") 2:278 (2005).

### 44.    Breach of Contract Claims (Count VIII & IX) – Elements

Marcas Modelo has the burden of proving, by a preponderance of the evidence, that the alleged actions of Concept One resulted in a breach of a contract between Marcas Modelo and Concept One for which Marcas Modelo is entitled to recover money damages.

In order for Concept One to be held liable for a breach of contract, Marcas Modelo must prove:

(1) the existence of a contract or agreement between Marcas Modelo and Concept One;

(2) that Marcas Modelo performed its obligations under the contract or agreement;

(3) that Concept One failed to so perform; and

(4) that Marcas Modelo suffered actual damages as a direct result of Concept One's breach.

––––––––––––––––––––––––––––

Authority:    NYPJI 4:1.

### 45.    The Provisions of the License Agreement

Marcas Modelo and Concept One both agree that they entered into a legally binding License Agreement effective January 1, 2007.  Therefore I instruct you to find that the first factor, the existence of a contract or agreement between Marcas Modelo and Concept One, has been proven.

Marcas Modelo contends that Concept One breached the License Agreement because Concept One:  (1) sold goods bearing CORONA designs that were not approved by Marcas Modelo in violation of Section 3.2 of the License Agreement; (2) sold CORONA-branded goods, such as bags, wallets and wristbands, that were not authorized under the License Agreement in violation of Section 2.2 of the License Agreement; (3) continued to sell CORONA-branded goods after the License Agreement was terminated in violation of Section 11.1 of the License Agreement; and (4) failed to pay royalties on sales of approved Corona-branded goods as required by Section 4.1 of the License Agreement.

You are to give the words of the License Agreement their plain and ordinary meaning.

While you may consider the circumstances surrounding the making of the License Agreement in considering the obligations of the parties to the License Agreement, you may not give any weight to oral or written attempts to modify the terms of the License Agreement.  Oral changes to the parties' obligations are not binding upon Marcas Modelo or Concept One. Written changes are only binding if they are signed by both parties to the contract.

---

Authority:     NYPJI 4:1, Comment at 869; NYPJI Supp. 4:1, Comment at 419; *see also, Wallace v. 600 Partners Co., 86* N.Y.2d 543, 547, 634 N.Y.S.2d 669, 673 (1995) (ambiguity as to the meaning of the terms and intent of the parties may raise a jury question, but the threshold decision of whether a writing is ambiguous is the exclusive province of the court); *Miller v. Schloss*, 218 N.Y. 400, 406, 113 N.E. 337, 338 (1916) (a contract cannot be implied-in-fact

where there is an express contract covering the subject matter); New York Forms of Jury Instructions ("NY Forms") §§ 3.04, 3.08; New York General Obligation Law § 15-301 ("NY GOL") (when written agreements contain a clause barring oral modifications, the modifications are unenforceable); NY GOL § 5-701 (statute of frauds); *Chatterjee Fund Management L.P v. Dimensional Media Assoc.*, 687 N.Y.S.2d 364 (1st Dep't 1999) (when parties do not intend to be bound until their agreement is reduced to writing, regardless of an oral agreement on some or all of the terms, there is no contract in the interim).

46.     **Performance Or Non-Performance Of The Contract Terms**

Once you have determined what the terms of the License Agreement were, you must next determine whether Concept One fulfilled its promises under the License Agreement. If you find that Concept One did fulfill these promises, you must find in favor of Concept One. If, on the other hand, you find that Concept One did not do as promised, your inquiry does not end there. You must then decide if Marcas Modelo's actions prevented Concept One from doing what Concept One promised to do. If you do decide that Concept One failed to do something that it promised to do under the License Agreement, because of something that Marcas Modelo did or did not do, then you must still find in favor of Concept One. If you find, instead, that Concept One failed to meet its contractual obligations, and Marcas Modelo was not responsible for Concept One's failures, then you must consider whether Concept One's failure caused Marcas Modelo to suffer damages.

If you determine that Concept One breached its promise to Marcas Modelo, and that Marcas Modelo was not responsible for Concept One's breach, you must then consider whether Concept One's breach of the contract resulted in the harm claimed by Marcas Modelo. Marcas Modelo is only entitled to recover damages for harm that was caused by Concept One's breach of its License Agreement with Marcas Modelo.

If you find that Concept One so breached its License Agreement with Marcas Modelo, then you must decide whether Marcas Modelo would not have been so harmed if Concept One had performed on the contract. In law, a breach of contract is considered to have caused a loss or harm if it was a substantial factor in bringing about that loss or harm. Therefore, you may not award Marcas Modelo damages for the harm it alleges unless you find that a breach of the

License Agreement by Concept One was a substantial factor in causing Marcas Modelo's alleged losses.

If the harm that Marcas Modelo alleges to have come from Concept One's failure to perform under the License Agreement would have happened even if Concept One had fully performed, then any breach of contract by Concept One cannot be considered the cause of that harm. If you find that the harm to Marcas Modelo would have occurred anyway, you must find for Concept One.

---

Authority:    NYPJI Supplement 4:1.1, Comment at 424-425. *Benincasa v. Garrubbo*, 141 A.D.2d 636, 529 N.Y.S.2d 787 ... (a party to a contract cannot insist upon the fulfillment of a condition when that party has been the cause of non-performance, to allow otherwise would be unreasonable and inequitable). *See* NYPJI 4:20; NY Forms §§ 6.04, 6.05; *see also, Goodstein,* 590 N.Y.S.2d 425, 495 (1992) (upholding dismissal of lost profits claim based upon a breach of contract claim as the breach alleged was not the "but for" cause of the plaintiff's harm); *Rubin v. Pecoraro,* 141 A.D.2d 525, 527, ... (2d Dep't 1998) (substantial factor means having "such an effect in producing the ...[breach] that reasonable men or women would regard it as the cause of the [harm].").

47. **Damages**

Second, if you determine that Marcas Modelo kept its end of the bargain and Concept One breached its promise under the License Agreement with Marcas Modelo causing injury to Marcas Modelo, you must then consider the measure of such damages.

My charge to you on the law of damages must not be taken as a suggestion that you should find for Marcas Modelo. It is for you to decide on the evidence presented and the rules of law which I have given you, whether Marcas Modelo is entitled to recover from Concept One on its contract claim. If you decide that Marcas Modelo is entitled to recover from Concept One, you must consider the measure of damages.

Marcas Modelo has the burden of proving the extent of the harm suffered. And, any damages that Marcas Modelo claims must be real, ascertainable and clearly proved. Thus, while Marcas Modelo may recover damages, your determination about the value of those damages must be reasonably connected to Marcas Modelo's proof on the issue.

-------------------------------------

Authority    *See* NYPJI 4:20, Comment at 907-908; NYPJI Supp. 4:20, Comment at 474-476; *J. R. Loftus, Inc. v. White*, 85 N.Y.2d 874, 877, 626 N.Y.S.2d 52, 54, 649 N.E.2d 1196 (1995); *Burke, Kuipers & Mahoney, Inc. v. Dallas Dispatch Co.*, 253 A.D. 206, 207, 1 N.Y.S.2d 674, 675 (1st Dep't 1938) (the burden of proof is on the plaintiff to establish his damages, by showing not only the contract price, but the cost of performance as well).

## III.    DEFENDANT'S COUNTERCLAIMS

### 48.    Breach of Contract/Breach of the Implied Covenant of Good Faith and Fair Dealing (Counterclaim I)

Within every contract is an implied covenant of good faith and fair dealing.  Good faith means that neither party will do anything that injures or destroys the right of the other party to receive the benefits of the contract.  Fair dealing means that each party must act honestly and behave as a reasonable business person would behave.

Where the contract provides for the exercise of absolute or sole discretion by a party, the implied covenant means that the party promises to exercise its honest judgment in exercising that discretion.

In this case, Concept One claims that Marcas Modelo breached the implied covenant of good faith and fair dealing by not approving designs bearing the CORONA trademarks that were submitted by Concept One to Marcas Modelo for approval.  Although it is undisputed that Section 3.2 of the License Agreement gave Marcas Modelo absolute discretion to approve or disapprove of any licensed products or designs submitted by Concept One, Concept One claims that Marcas Modelo exercised its discretion in bad faith.  Marcas Modelo denies that it acted in bad faith and contends that it was within its contractual rights to approve or disapprove of designs and that it exercised its honest judgment in reviewing designs submitted by Concept One.

In addition, Concept One also claims that Marcas Modelo improperly terminated the License Agreement in violation of the License Agreement.  Marcas Modelo contends that it properly terminated the License Agreement because Concept One failed to comply with its obligations under the License Agreement.

In order to establish its claim for breach of the implied covenant of good faith and fair dealing, Concept One must establish: 1) the existence of a contract between Marcas Modelo and Concept One, 2) willful acts by Marcas Modelo that had the effect of destroying or injuring the right of Concept One under the contract, and 3) damages.

As I previously mentioned, the existence of a contract is not in dispute in this case.  If you determine that Marcas Modelo did not exercise its honest judgment in reviewing designs submitted by Concept One and/or that it wrongfully terminated the License Agreement, and that these acts wrongfully prevented Concept One from receiving the benefits of the License Agreement, you must find for Concept One and then proceed to determine the damages, if any, to which Concept One is entitled.

---

Authority:     NYPJI Civil 4:1.1 at 675-77 (2d ed. 2007); *Lowell v. Twin Disc, Inc.,* 527 F.2d 767 (2d Cir. 1975) (2002); *The Dwerk Law Firm, LLP v. Mann,* 340 F. Supp. 2d 353, 358 (S.D.N.Y. 2004); *Mickle v. Christies, Inc.,* 207 F. Supp. 2d 237 (S.D.N.Y. 2002) ("Agreements conferring upon one party an indefinite right to condition performance upon a determination that is based on an act of personal discernment or sole discretion are uniformly upheld –subject to a duty on the part of the party so empowered to exercise honest judgment"); *511 West 232nd Owners Corp. v. Jennifer Realty Co.,* 98 N.Y.2d 144, 746 N.Y.S.2d 131 (2002); *Dalton v. Educational Testing Service,* 87 N.Y.2d 384, 639 N.Y.S.2d 977 (1995); *Miller v. Almquist,* 241 A.D.2d 181, 671 N.Y.S.2d 746 (1st Dep't 1998) (noting that where the contract "contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising the discretion"); *Fursmidt v. Hotel Abbey Holding Corp.,* 200 N.Y.S.2d 256, 260, 10 A.D.2d 447, 451 (1st Dep't 1960)(finding that it was error for trial court to give the jury the question of the reasonableness of the defendant's dissatisfaction and stating that it was sufficient that the jury be satisfied that "it was dissatisfaction honestly arrived at").

49.  **Law Does Not Permit Breach By One Party In Response To Breach By The Other**

The law does not permit a party to a contract to breach the contract because of a breach by the other party.  Where a material breach by one party has occurred, the law permits the other party to suspend performance or terminate the contract, but not to breach the contract.

-------------------------------

Authority:    *Ryan v. Volpone Stamp Co.,* 107 F. Supp. 2d 369, 386 (S.D.N.Y. 2000) (rejecting defendant's mitigation of damages defense and finding that defendant ignored basic principles of contract law that "when one party to a contract feels that the other contracting has breached its agreement, the non-breaching party may either stop performance and assume the contract is avoided, or continue its performance and sue for damages.  Under no circumstances may the non-breaching party stop performance and continue to take advantage of the contract's benefits.").

50.    **Damages for Breach of Contract**

My charge to you on the law of damages must not be taken as a suggestion that you should find for Concept One. It is for you to decide on the evidence presented and the rules of law I have given you whether Concept One is entitled to recover from Marcas Modelo. If you decide it is not entitled to recover, you need not consider damages. Only if you decide that Defendant is entitled to recover will you consider damages.

Concept One is only entitled to recover damages for loss or harm that was caused by Marcas Modelo's breach of the contract. In law, a breach of contract is considered to have caused a loss or harm if it was a substantial factor in bringing it about. Therefore, you may not award Concept One damages for lost profits unless you find that a breach of contract by Marcas Modelo was a substantial factor in bringing about that loss or harm.

---

Authority:    NY Forms § 6.04[1].

### 51.    Tortious Interference with Contract (Counterclaim III) – Elements

A person who, with knowledge of the existence of an ongoing contract, intentionally and without justification induces one of the contracting parties to breach the contract is responsible to the other party to the contract for damages caused by its conduct. An act induces the breach of a contract if it is a substantial factor in causing that breach. The act is intentional if it is done deliberately, with the purpose of inducing the breach of contract.

Concept One has the burden of establishing by a preponderance of the evidence: (1) that it had a contract with Wal-Mart, (2) that Marcas Modelo had knowledge of that contract, (3) that with the intent of inducing Wal-Mart to breach the contract, Marcas Modelo falsely notified third party licensees and retailers, including Wal-Mart, that Concept One had breached its License Agreement by selling unauthorized and unapproved goods and that Marcas Modelo had properly terminated the License Agreement, (4) that Wal-Mart breached the contract with Concept One by canceling its order, (5) that Marcas Modelo's act was a substantial factor in causing the breach of the contract between Concept One and Wal-Mart, and (6) that Concept One suffered damage as a result.

Marcas Modelo has the burden of establishing by a preponderance of the evidence that it was justified in causing the breach of contract. In order to decide whether Marcas Modelo's conduct was justified, you should consider the nature of the rights interfered with, the relation between Marcas Modelo and the parties to the contract, and the interests that Marcas Modelo sought to protect, in other words, whether Marcas Modelo's interest is equal to or superior to Concept One's interest. In addition, you should consider the social interests involved, if any.

If you decide that Marcas Modelo's conduct was justified, as I have explained that term to you, then you must next consider whether Concept One has established that Marcas Modelo

acted with malice or used wrongful means.  If you find that Marcas Modelo has acted with malice or used wrongful means, then you will find for Concept One on this issue.  If you find that Marcas Modelo did not act with malice and that Marcas Modelo did not use wrongful means, then you will find for Marcas Modelo on this issue.

_____

     Authority:     NYPJI 3:56 *(citing Lama Holding Co. v Smith Barney Inc.,* 88 N.Y.2d 413, 646 N.Y.S.2d 76, 668 N.E.2d 1370; *NBTBancorp Inc. v Fleet/Norstar Financial Group, Inc.,* 87 N.Y.2d 614, 641 N.Y.S.2d 581, 664 N.E.2d 492; *Foster v Churchill,* 87 N.Y.2d 744, 642 N.Y.S.2d 583, 665 N.E.2d 153; *Jack L. Inselman & Co., Inc. v FNB Financial Co.,* 41 N.Y.2d 1078, 396 N.Y.S.2d 347, 364 N.E.2d 1119); *see also Jury Instructions on Damages in Tort Actions,* Matthew Bender & Company, Inc., § 11.01.

52.    **Requirement of Valid Contract**

The tort of interference with a contract requires the existence of a valid ongoing contract between Concept One and Wal-Mart.  The first question you will be asked to decide is whether Concept One had a valid contract with Wal-Mart.  If you find that there was no contract or that the contract had expired or was invalid, you must find in favor of Marcas Modelo and proceed no further on the claim of tortious interference.  If you find that Concept One did have a valid ongoing contract with Wal-Mart that had not expired, you must next decide whether Wal-Mart breached that contract.

_____

Authority:    *Lama Holding Co. v Smith Barney Inc.,* 88 N.Y.2d 413, 646 N.Y.S.2d 76, 668 N.E.2d 1370; *Paramount Pad Co. v Baumrind,* 4 N.Y.2d 393, 175 N.Y.S.2d 809, 151 N.E.2d 609.

### 53.    Requirement of Breach of Contract

The tort of interference with a contract requires that Wal-Mart breached a contract with Concept One. Concept One alleges that Wal-Mart breached its contract with Concept One by canceling two orders. Marcas Modelo contends that Wal-Mart did not breach its contract with Concept One by canceling the two orders, but rather, had the right to cancel because the goods were not authorized.

If you find that Wal-Mart had the right to cancel the contracts, then you may not find that the contracts were breached. If you find that Wal-Mart did not breach its contract with Concept One, you need proceed no further on the claim of tortious interference. If you find that Wal-Mart did breach its contract with Concept One, you must next decide whether Marcas Modelo knew of the contract between Wal-Mart and Concept One.

--------

Authority:    *Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC d/b/a Concept One Accessories,* 07 Civ. 7998, Opinion and Order dated April 10, 2008; *NBT Bancorp Inc. v Fleet/Norstar Financial Group, Inc.,* 87 N.Y.2d 614, 641 N.Y.S.2d 581, 664 N.E.2d 492; *Davis v Williams,* 59 A.D.2d 660, 398 N.Y.S.2d 281, *aff'd,* 44 N.Y.2d 882, 407 N.Y.S.2d 630, 379 N.E.2d 158; *Orange County Choppers, Inc. v. Olaes Enters., Inc.,* 497 F. Supp. 2d 541, 562 (S.D.N.Y. 2007); *Leadsinger, Inc. v. Cole*, No. 05 Civ. 5606, 2006 WL 2320544, *12 (S.D.N.Y. Aug. 10, 2006).

54. **Requirement of Knowledge**

Tortious interference requires that Marcas Modelo knew of the existence of an ongoing contract between Wal-Mart and Concept One. The knowledge must be actual knowledge, which should be assessed at the time of the alleged interference. If you find that Marcas Modelo was not aware of Wal-Mart's contract with Concept One or believed that Wal-Mart's contract with Concept One had expired, you need proceed no further on the claim of tortious interference. If you find that Marcas Modelo knew of an ongoing contract between Wal-Mart and Concept One, you must next decide if Marcas Modelo intentionally interfered with the contract.

---

Authority:    *Burns Jackson Miller Summit & Spitzer v Lindner,* 88 A.D.2d 50, 452 N.Y.S.2d 80, *aff'd,* 59 N.Y.2d 314, 464 N.Y.S.2d 712, 451 N.E.2d 459.

55.    **Requirement of Intent**

The next question you will be asked to decide is whether Marcas Modelo intentionally

interfered with an ongoing contract between Wal-Mart and Concept One.  Recovery may not be

had for negligent interference.  If you find that Marcas Modelo did not intentionally interfere,

you need proceed no further on the claim of tortious interference.  If you find that Marcas

Modelo intentionally interfered with the contract, you must next decide whether Marcas

Modelo's interference was justified.

---

Authority:    *Alvord and Swift v Stewart M. Muller Const. Co., Inc.,* 46 N.Y.2d 276, 413
N.Y.S.2d 309, 385 N.E.2d 1238; *Harris v Fort Ann,* 35 A.D.3d 928, 825 N.Y.S.2d 804; *Reliance
Ins. Co. v Morris Associates, P.C.,* 200 A.D.2d 728, 607 N.Y.S.2d 106; *Herlihy v Metropolitan
Museum of Art,* 214 A.D.2d 250, 633 N.Y.S.2d 106; *WFB Telecommunications, Inc. v NYNEX
Corp.,* 188 A.D.2d 257, 590 N.Y.S.2d 460; *Williams & Co. v Collins, Tuttle & Co.,* 6 A.D.2d
302, 176 N.Y.S.2d 99; *see Butler v Delaware Otsego Corp.,* 234 A.D.2d 639, 650 N.Y.S.2d 483.

56.    **Requirement of Interference Without Justification**

Marcas Modelo contends that if it interfered with Concept One's contracts with Wal-Mart it is not liable because that interference was justified because Marcas Modelo had the right to protect its trademarks by informing licensees and retailers that Concept One was no longer authorized to sell Corona-branded goods.

Justification exists when there is reasonable justification for the party's act. What is reasonable is a function of a number of circumstances including the means employed, the nature of the rights interfered with, the relation between Marcas Modelo and the parties to the contract, the interests that Marcas Modelo sought to protect, and the social interests involved. When a party's interest is equal or superior to that of the claimant, the party is privileged to interfere with claimant's rights, provided it does so by lawful means, and does not act for the sole purpose of injuring the claimant.

In this case, Marcas Modelo bears the burden of showing that any alleged interference was justified.

If you find that Marcas Modelo's interference was justified, you need to determine whether Marcas Modelo used wrongful means in interfering with the contract between Concept One and Wal-Mart.

If you find that Marcas Modelo's interference was not justified, you need to consider

whether Marcas Modelo's interference caused Wal-Mart to breach its contracts with Concept

One.

_____

Authority:    NYPJI 3:56 and authorities cited therein, including *State Enterprises, Inc. v. Southridge Cooperative Section 1, Inc., et al.,* 18 A.D.2d. 226, 227-228 (1st Dep't 1963); *P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*, 232 F. Supp. 2d 220 (S.D.N.Y. 2002); *Restatement (Second) of the Law of Torts* § 767 (1979).

57.    **Negating Justification**

The means used may negate justification.  Once the defense of justification has been established, recovery may be obtained only upon a showing of malice or the use of fraudulent or illegal means.  Such means include the violation of a relation of confidence, threats or intimidation, or fraud and deceit.

The burden is on Marcas Modelo to prove justification for inducing the breach.  However, once justification is shown, Concept One bears the burden of negating justification by introducing evidence of malice or wrongful means.  Such means include the violation of a relation of confidence, threats or intimidation, and fraud or deceit.

---

Authority:    NYPJI 3:56 and authorities cited therein, including *Foster v. Churchill,* 87 N.Y.2d 744, 642 N.Y.S.2d 583, 665 N.E.2d 153, *Felsen v. Sol Café Mfg. Corp.*, 24 N.Y.2d 682, 301 N.Y.S.2d 610, 249 N.E.2d 459.

58.    **The Causation Requirement**

The next question you will be asked to decide is whether Marcas Modelo's actions were

the cause for Wal-Mart to breach its contract with Concept One.  If you find that Marcas

Modelo's actions were not the cause, you need proceed no further on the claim of tortious

interference with contract.  If you find that Marcas Modelo caused Wal-Mart to breach its

ongoing contract with Concept One, you must then decide if Concept One suffered damages as a

result.

---

Authority:    Causation must be demonstrated, *Cantor Fitzgerald Associates, L.P. v Tradition North America, Inc.,* 299 A.D.2d 204, 749 N.Y.S.2d 249; *Andrew Greenberg Inc. v Sir-Tech Software Inc.,* 245 A.D.2d 1004, 667 N.Y.S.2d 83; *Concert House, Inc. v Brandt,* 36 A.D.2d 172, 319 N.Y.S.2d 503, and supported by more than mere speculation, *Burrowes v Combs,* 25 A.D.3d 370, 808 N.Y.S.2d 50. Restatement, Second, Torts, § 766, Comments h, k, 1 & m.

## 59.   The Damages Requirement

If you find that Concept One did not sustain any damage as a result of the tortious interference, you will find for Marcas Modelo on the claim of tortious interference.  If you find that Concept One did sustain damage as a result of the tortious interference, and the interference was not justified, you must next decide the actual monetary loss sustained.

_____

Authority:    *Nemenyi v Raymond International, Inc.,* 22 A.D.2d 657, 253 N.Y.S.2d 151; *Kronos, Inc. v AVX Corp.,* 81 N.Y.2d 90, 595 N.Y.S.2d 931, 612 N.E.2d 289 (nominal damages insufficient to sustain claim); *Simon v Noma Electric Corporation,* 293 N.Y. 171, 56 N.E.2d 537.