```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

CERVECERIA MODELO, S.A. DE C.V.      :   07 CV 7998 (HB)
and MARCUS MODELO S.A. DE C.V.,
                                     :
            Plaintiffs,
                                     :
      -against-
                                     :
USPA ACCESSORIES LLC d/b/a
CONCEPT ONE ACCESSORIES,             :

            Defendant.               :

------------------------------------x
```

## DEFENDANTS' SUPPLEMENTAL REQUESTS TO CHARGE

Defendant, by its attorney, Ira Daniel Tokayer, Esq., respectfully submits its Supplemental Requests to Charge.

### FAILURE TO PRODUCE WITNESS

A party is not required to call any particular person as a witness. However, the failure by plaintiffs to call Jean Marie Ruffini and Juan Fernandez as a witness may be the basis for an inference against plaintiffs for not calling the witnesses. Thus, you may, although you are not required to, draw the strongest inference against plaintiffs for not calling the witnesses that opposing evidence permits.

SOURCE: N.Y. PJI 1:75.

### FAILURE TO PRODUCE DOCUMENTS

The failure of plaintiffs to produce evidence of Juan Fernandez' email to Mexico of Concept One's June 11, 2007 request for approval of the Walmart flip-flop order cannot be the basis of an inference against plaintiffs unless you are satisfied from the evidence in this case that these conditions have been met:

first, that there is a document in their possession which relates in an important way to the issue of plaintiffs' veracity and breach of contract and, second, that they have not offered a reasonable explanation for the failure to produce the document. If these two conditions are met, you may, in weighing the evidence, although you are not required to, infer that the document if produced would not have supported plaintiffs on the question of whether Juan Fernandez was really trying to get the Wal Mart flip flop order approved and would not contradict the evidence offered by defendant on that question, and you may, although you are not required to, draw the strongest inference against plaintiffs on that question which the opposing evidence permits.

        SOURCE: N.Y. PJI 1:77.

## ELECTION OF REMEDIES

Even if you find from the evidence that defendant materially breached the agreement by selling unapproved designs, you must still consider whether plaintiffs waived their right to stop performing and to terminate the agreement as a result of the breach. You must conclude that there is a waiver if you find that plaintiffs accepted performance by defendant after learning of the breach. In that case, the law provides that plaintiffs elected to continue the agreement and waived the right to discontinue its own performance. Alternatively, if you find from the evidence that plaintiffs elected to terminate the contract but failed to notify defendant of its decision to terminate the

contract within a reasonable time after learning of defendant's breach, then you must also conclude that plaintiffs waived their right to terminate the contract.  If you find a waiver, then you must conclude that plaintiffs were required to continue to perform in the normal course under the agreement despite defendant's alleged breach and if plaintiffs failed to perform in refusing to grant approval for the Wal Mart flip flop order and defendant's other designs, they became themselves in breach of the agreement and liable for damages suffered by defendant.

SOURCE:  ESPN, Inc. v. Office of the Comm'r of Baseball, 76 F. Supp. 2d 383 (S.D.N.Y. 1999).

Dated: New York, New York
       August 29, 2008

_____/s/_____
IRA DANIEL TOKAYER, ESQ.
Attorney for Defendant
42 West 38th Street, Suite 802
New York, New York  10018
(212) 695-5250