```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

CERVECERIA MODELO, S.A. DE C.V.      :   07 CV 7998 (HB)
and MARCUS MODELO S.A. DE C.V.,
                                     :
              Plaintiffs,
                                     :
      -against-
                                     :
USPA ACCESSORIES LLC d/b/a
CONCEPT ONE ACCESSORIES,             :

              Defendant.             :

------------------------------------x
```

### DEFENDANTS' SECOND SUPPLEMENTAL REQUESTS TO CHARGE

Defendant, by its attorney, Ira Daniel Tokayer, Esq., respectfully submits its Second Supplemental Requests to Charge.

### REQUEST TO CALL WITNESSES OR PRODUCE EXHIBITS

[In the absence of a missing witness charge add:] However, a witness which is outside the jurisdiction of the court - such as Jean Marie Ruffini, Jorge Perez and Juan Fernandez - may not be subpoenaed and were not available to Concept One.

### LIKELIHOOD OF CONFUSION

To establish a likelihood of confusion, Modelo must prove, by a preponderance of the evidence, that its trademark was used on a product in a manner that was likely to cause ordinary buyers of the product to make a mistake, or be confused, or be deceived, about the product's source. Modelo must also prove that Concept One's use of the trademark was

unauthorized.

That means that if Modelo has proved by a preponderance of the evidence that Concept One used Modelo's trademarks, without Modelo's permission, on apparel and accessories in such a way that ordinary buyers would likely believe that Modelo had approved the use of the trademark, when it had not, or that the product was affiliated with Modelo, when it was not, then the third element is satisfied and you may find Concept One liable for trademark infringement.

On the other hand, if Concept One sold products in compliance with a valid license that was not properly canceled, then Concept One had permission to use the trademark and there cannot be an infringement.  License agreements give the licensee permission to use a trademark subject to certain conditions.  However, a licensor cannot by its own failures and/or breaches prevent performance of the conditions by the licensee, which means that if Modelo improperly denied design approvals or failed to review such designs, then Modelo cannot use Concept One's sale of the products as a ground to cancel the license agreement or to claim a breach.  If you find that Modelo improperly denied approvals then you cannot find that Modelo properly canceled the license agreement or that Concept One breached the license agreement or infringed on Modelo's trademark.

I further instruct you that the continued trademark

2

use by one whose trademark license has been properly or validly canceled satisfies the likelihood of confusion test and constitutes trademark infringement. On the other hand, if the trademark license has not been properly or validly canceled then the likelihood of confusion test has not been satisfied and may not constitute trademark infringement.

The test is not whether buyers of Concept One's products were actually confused, mistaken, or deceived. All Modelo is required to prove is that ordinary buyers would likely be confused, mistaken, or deceived, or put another way, that the ordinary buyers would likely believe that the flip-flop, hat, etc., was made or licensed by Modelo.

The law defines "ordinary buyers" as the ultimate consumers, that is, the buyers of Concept One's apparel and accessories at retail stores, such as Walmart, etc. The trademark laws have been established to protect the unwary and the uninformed purchasing public from deception.

Sources: <u>McGraw v. Vanguard</u>, 139 F. Supp. 2d 544 (S.D.N.Y 2001) ("trademark license contract disputes are governed by the general rules of contract interpretation"); <u>Wieder v. Skola</u>, 80 N.Y.2d 629 (2001) ("in every contract there is an implied undertaking on the part of each party that he will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his part"); <u>Oleg Cassini, Inc. v. Couture Coordinates, Inc.</u>, 297 F. Supp. 821, 827 (S.D.N.Y. 1969) (finding that if the licensor did not

3

properly terminate the licensing agreement, then it was still in force and the licensee's use was non-infringing); Restatement Contracts (2d) Section 245 ("where a party fails to perform and thereby contributes to the non-occurrence of a contract condition, then the condition is excused").

    Dated: New York, New York
          September 1, 2008

_____/s/_____
IRA DANIEL TOKAYER, ESQ.
Attorney for Defendant
42 West 38th Street, Suite 802
New York, New York  10018
(212) 695-5250

4